BATTIS & BLACK v. McCORD ET AL.

1. **Practice:** DIRECTING VERDICT. The court can direct a verdict for the defendant only when there is no evidence which tends to sustain the plaintiff's right to recover, but *held* that there was such evidence in this case, for which see opinion.

2. **Evidence:** ERRORS: WAIVER BY MOTION FOR VERDICT. Where defendant's motion for a verdict on plaintiff's evidence is overruled, and defendant elects to stand thereon, he thereby waives all errors in the admission of the evidence.

3. **Practice:** DIRECTING VERDICT FOR PLAINTIFF. Where there is evidence tending to support the petition, on account of which the court overrules a motion to direct a verdict for the defendant, and the defendant stands upon the motion, the court may properly direct a verdict for plaintiff.

4. **Replevin:** FINDING WITHOUT EVIDENCE: NO PREJUDICE. Where the jury, without evidence, finds the value of the property in a replevin suit, but no judgment is rendered, except for costs, the error is without prejudice, and is not reversible.

*Appeal from Marshall Circuit Court.*

TUESDAY, OCTOBER 26.

ACTION to recover specific personal property. Trial by jury. Judgment for the plaintiff, and defendants appeal.

*J. M. Whittaker* and *Brown & Carney*, for appellants.

*Caswell & Meeker*, for appellees.

SEEVERS, J.—The petition states that the plaintiff is the sole and unqualified owner of the property in controversy, and that the defendant McCord, as sheriff, levied upon and took possession thereof under an attachment against one Dart, and that a demand in writing has been made on the defendant McCord for a return of the property. The defendant justified the taking under an attachment against Dart, admitted that a demand had been made as provided by law, and pleaded a general denial. The plaintiff is a dealer in lumber, and the evidence tends to show that Dart called on the plaintiff with a bill or list of lumber which he said was wanted for a certain building about to be erected by the Consolidated Tank-line Company, and desired to know what plaintiff would furnish the lumber for. The plaintiff named the price, and Dart said, "Your figures are the lowest." It is not claimed that there was a sale made to Dart. The plaintiff called on the agent of the tank-line company, and it was agreed that the lumber should be delivered, and that the tank-line company should pay for it. The lumber was delivered on the ground where it was proposed to build, and it was soon thereafter levied upon by the sheriff. The foregoing facts we do not think are contradicted. At the conclusion of the evidence introduced by the plaintiff, the defendants moved the court to direct the jury to return a verdict for them, on several grounds. The motion was overruled, and the defendants elected to stand upon their motion, and thereupon the court directed the jury to find for the plaintiff. A motion for a new trial, filed by the defendants, was overruled.

I. The principal ground relied on for a reversal is that the sale to the tank-line company had been completed, and that the lumber belonged to it; the argument being that the plaintiff must recover on the strength of its own title, and not on the weakness of the defendant's title. That such is the rule will be conceded. The established rule is that the court can direct a verdict for the defendant only when there

is no evidence which tends to sustain the plaintiff's right to recover. We have read the evidence with care, and, upon a separate reading, have each of us separately reached the conclusion that the court rightly held that it could not lawfully direct the jury to find for the defendants. Our reasons, briefly stated, are that we think, under the evidence, it was questionable whether the tank-line company had accepted the lumber. Again, was the sale made on credit or for cash? This is questionable; and, if for the latter, was there, as between the tank-line company and the plaintiff, such a completed delivery as passed the title without payment? These, we think, were debatable questions. Again, had the agent of the tank-line authority to make the contract? Counsel for the defendants insist that, under the circumstances, the burden as to this question was on the plaintiff. Conceding this to be so, we think there is some evidence tending to show that such agent did not have such authority, and that, although the lumber was delivered on the ground, no binding contract was made.

II. The defendant insists that the court erred in the admission of evidence, and in directing the jury to find for the plaintiff. When the defendant elected to stand on the motion, the errors, if any there were, that previously occurred, were waived. Nor can the defendant complain of the action of the court in directing a verdict for the plaintiff, unless the verdict is against the evidence; for, unless it is, the error is not prejudicial. It must be remembered that the defendant did not ask to have any question of fact in the case submitted to the jury. We therefore are inclined to think that they cannot justly complain of the action of the court. Besides this, we do not understand counsel to urge that the verdict is contrary to the evidence, except as hereafter mentioned. It is said there was no evidence introduced of the written demand required by statute, and therefore the plaintiff was not entitled to recover. That such a demand was made we understand is admitted in the pleadings, and there-

fore no evidence was required to establish such fact. The jury found the value of the lumber, and it is said there was no evidence to sustain such finding. Conceding this, the defendants were in no respect prejudiced, for no judgment was rendered against them except for costs.

The judgment of the circuit court is therefore

AFFIRMED.