## ERROR IN DIRECTING A VERDICT FOR THE PLAINTIFF.

Circuit Court of Cuyahoga County.

THE BROOKSIDE BRICK COMPANY V. HARRY KOBLITZ.

Decided, November 6, 1907.

*Practice—When Court May Not Direct a Verdict for Plaintiff.*

In a case where the plaintiff depends upon the testimony of witnesses to establish his case, and defendant makes no motion to have the case taken from the jury, it is error for the court to direct a verdict for the plaintiff.

*Hart, Canfield & Croke,* for plaintiff in error.
*Ford, Snyder & Tilden,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

Koblitz originally brought suit against the brick company before a justice of the peace; the case, after judgment, was appealed to the court of common pleas, and Koblitz then filed a petition and later an amended petition upon which latter petition, with the answer and evidence, the case was tried. In this amended petition the plaintiff alleges that the defendant is indebted to him in the sum of $299 with interest from the 23d day of September, 1905, for services rendered by the plaintiff to the defendant, as set forth in an account annexed to and made a part of said amended petition. This account is dated Cleveland, Ohio, September 9, 1905, and reads:

"THE BROOKSIDE BRICK COMPANY,
            "To HARRY KOBLITZ, DR.
    "August 14."

And then follow twenty-three items, no date being given to any one of them, nor any amount set opposite any one of them.

but, at the end of the twenty-three items appear the figures $550 at the right hand side, as though this was the aggregate amount of the several items.

Then follow credits, as follows:

By cash received from De Lorenzo............ $ 30
By cash received from Steinfurth............. 5
By cash received from Plummer.............. 200
Credit by allowance......................... 16

making the aggregate of $251, which, subtracted from the $500 leaves $299.

The answer filed by the defendant was a general denial.

The result of the trial in the court of common pleas was a verdict and judgment for the plaintiff Koblitz, and the defendant below prosecutes this proceeding for the purpose of reversing that judgment.

On the trial in the court below the plaintiff based his claim in large measure upon services which he claimed to have rendered to the defendant below in the purchase of certain real estate; he claimed something also for services rendered in making collections. Whatever arrangements Koblitz made with the brick company for negotiating any such purchase were made with one Herman Spitz, who was the business manager of the brick company. The defendant below claimed that Spitz was without authority to employ Koblitz and claimed further that Koblitz received pay for his services in negotiating the land deal, from the vendors of the land. Koblitz admitted the receipt of $200 from the vendor of the land and said that the item of credit of $200 as shown upon the account upon which he sued, is the $200 that was paid to him by the vendors of the land.

Without discussing further the evidence in the case, attention is called to the charge of the court to which complaint is made. The court in its charge first calls attention to the claim of the plaintiff and then, reading the defendant's answer, says:

"Although in this answer the defendant places in issue every allegation made by the plaintiff, I hold, and so charge you, gentlemen, that under the testimony offered in this case there is no question but that the plaintiff did render services to the defend-

ant at the defendant's request.   There is no question but that the plaintiff, as an attorney at law, did render services to the defendant—that he rendered these services—to the defendant, these mentioned in the petition.

"The only question, then, for your determination, is, gentlemen, whether or not these services are worth the amount asked for by the plaintiff in the petition; and whether or not, under the evidence as given to you here, the amount asked for, to-wit, $299.   That is the only question for you to determine in this case."

It is said on the part of the plaintiff in error, and truly said, that this is in effect directing the jury to return a verdict for the plaintiff, leaving only to be determined the question as to the amount of the verdict.

. Without doubt, where a defendant and a plaintiff each ask for a direction that a verdict be brought in his favor, then each is committed to the proposition that there is only a question of law in the case, and that question of law may be determined by the court, and, therefore, the court may direct a verdict either way.

In the case of *Yankton Fire Insurance Company* v. *Fremont, etc.,* 7th South Dakota, 421, it is held:

"Where, at the close of the plaintiff's evidence the defendant moves the court to direct a verdict in his favor, which is denied, and, no evidence being offered by the defendant, the court, on motion, directs a verdict for the plaintiff, and the defendant does not request the court to submit the case to the jury, it is not error for the court to direct a verdict for the plaintiff."

This opinion seems to have been carefully considered and many authorities are cited, and the effect is that where a party by a motion to direct a verdict in his favor in substance says to the court, there is nothing in this case but a question of law, and if the court overrules such motion, and then the party who made it introduces no evidence, he may be treated as having submitted the matter upon the question of law to the court.

In the case of *Battis & Black* v. *McCord,* 70 Iowa, 46, it is said in the third paragraph of the syllabus:

"Where there is evidence tending to support the petition, on account of which the court overrules a motion to direct a verdict for the defendant, and the defendant stands upon the motion, the court may properly direct a verdict for the plaintiff."

To the same effect is *Dillon* v. *Cockroft*, 90 N. Y., 649.

In the case of *Heisen* v. *Lamb*, 117 Ill., 549, it is held that in an action of ejectment, where the plaintiff's written evidence shows title in him, in the absence of any countervailing evidence the court is warranted in instructing the jury to find for the plaintiff. Other authorities are to this effect. But the rule seems to be, and certainly has so been held by this court, that where the plaintiff depends upon the testimony of the witnesses to make his case, and the defendant makes no motion to have the case taken from the jury, the court is not warranted in directing a verdict for the plaintiff, but must submit the case to the jury, under proper instructions. We think, therefore, the court erred in using this language quoted in the charge to the jury. The court further said in its charge:

"The question as to the purchase of the land for which the plaintiff received $200 as commission from the original owners of this land, perhaps ought to be taken into consideration to a certain extent. If you find from the evidence that the plaintiff and the defendant agreed that for that service the plaintiff was to receive his pay in the way of a commission from the original owner, that he was not to charge the defendant for such services, and if you find that the obtaining of that option was the only service that he rendered in regard to the purchasing of that land, and if you find that he did no further service in regard to the purchase of the land excepting to obtain an option, for which he was to be paid by the original owner, then that should be taken into account in fixing the amount of service rendered and the value of the services rendered by him."

This language seems to us to be misleading. We are troubled to understand what was meant by the court when it said that if $200 was paid by the owner of the land, that this should be taken into account to a certain extent, and, we think it was at least misleading for the court to say to the jury:

"If you find from the evidence that the plaintiff and the defendant agreed that for that service the plaintiff was to receive

his pay in the way of a commission from the original owner, that he was not to charge the defendant for such services, and if you find that the obtaining of that option was the only service that he rendered in regard to the purchasing of that land, and if you find that he did no further service in regard to the purchase of that land, excepting to obtain an option, for which he was to be paid by the original owner, then that should be taken into account in fixing the amount of service rendered and the value of the services rendered by him.''

Certainly if the plaintiff below had a contract that he was to receive whatever compensation he did receive from the original owner, instead of saying that that should be taken into account in fixing the amount of compensation he should receive for such service, it would seem that it would put an end to any claim the plaintiff below might have had for services against the defendant; but it seems to us that the jury must have been left in doubt as to what the rules of law governing their deliberations should be or else must have understood the rule to be different from what we understand it to be.

For error in the charge as pointed out and for the reason that a portion of the charge is misleading, as herein pointed out, the judgment of the court below is reversed, and the case remanded for a new trial.