John C. Porter *vs.* John Montgomery.

June 26, 1879.

Contract to convey — Reasonable Time to perform after Demand—Right not lost by Refusal.—P. contracted to do certain carpenter work for M. for $400, to be paid as follows: $200 in cash, and $200 by conveyance of a town lot subject to a certain mortgage. P. performed the work, and defendant accepted it. Ten days after the performance was complete, and on Saturday, July 20, 1878, P. duly demanded of M. a conveyance of the lot, but defendant refused to convey the same until after a settlement with P., but on Monday, July 22, of the same month, M. tendered P. a deed of the lot, which P. refused to receive, and which has been lodged in court for P. *Held,* 1, that M. was entitled to a reasonable time after demand within which to execute and deliver the deed, and that the tender of the same in this case was made within a reasonable time after P.'s demand; 2, that by M.'s refusal to convey until a settlement, he did not lose his right to the reasonable time mentioned.

Appeal by defendant from a judgment of the municipal court of the city of Minneapolis, in an action brought on the contract stated in the opinion.

*Koon & Merrill,* for appellant, cited *Hackett* v. *Huson,* 3 Wend. 249; *Connelly* v. *Pierce,* 7 Wend. 129; *Fuller* v. *Hubbard,* 6 Cowen, 1; *Camp* v. *Moore,* 5 Denio, 161; *Wells* v. *Smith,* 2 Edw. Ch. 77; *Dye* v. *Montague,* 10 Wis. 15; *Dodge* v. *Hopkins,* 14 Wis. 631.

*George R. Robinson,* for respondent, cited *Blood* v. *Goodrich,* 9 Wend. 68; *Mattocks* v. *Young,* 66 Me. 459; *Gould* v. *Banks,* 8 Wend. 562; *Singerly* v. *Armstrong,* (Sup. Ct. Pa.) 6 Reporter, 470.

Berry, J.   The plaintiff contracted to do certain carpenter work for defendant upon a house and barn, and also to do such other carpenter work for him as he should require, to the value of one hundred dollars.   For all of the work defendant agreed to pay plaintiff four hundred dollars, as follows: two hundred dollars in cash, and two hundred dollars by a conveyance of a lot in the south-side addition to Minneapolis, subject to a certain mortgage.   Plaintiff performed the work,

and defendant accepted it. Ten days after the performance was complete, and on July 20, 1878, (as the court below finds,) "the plaintiff duly demanded of the defendant the execution and delivery of a conveyance to him of the lot * * agreed to be conveyed. * * * Defendant refused to convey the same until after a settlement first had with plaintiff, but * afterwards, and on July 22, 1878, at about seven or eight o'clock P. M. of that day, defendant tendered to plaintiff a good and sufficient deed of said lot, which the plaintiff refused to receive, and which deed has been delivered to the court for the plaintiff." As a conclusion of law, it is found that the tender of the deed was not within a reasonable time, and, the plaintiff's right to receive the agreed price of the lot in money having accrued, the plaintiff is entitled to recover of defendant the sum of two hundred dollars, being the price of the lot.

There can be no doubt that the defendant was entitled to a reasonable time, after a demand, within which to execute and deliver a deed. It appears that the demand was made on July 20th, which was Saturday, and that on the succeeding Monday, the first business day after the demand, he made the tender found by the court. In our opinion the tender was made within a time reasonable in fact, and therefore reasonable in law. *Cochran* v. *Toher*, 14 Minn. 385. It is difficult, perhaps, to give any better reason for the conclusion that the tender of the deed upon the next business day after the demand was within a reasonable time, than that there was as great dispatch as is usual among good business men in performing an act of as much importance and solemnity as the execution of a deed of real estate in pursuance of a previous agreement to convey the same. In our opinion the court below erred in holding that the tender was unavailing, because not made within a reasonable time after the plaintiff's demand.

It is contended by the plaintiff that the tender was of no avail, for the reason that when the demand was made, the

defendant refused to convey the lot "until after a settlement first had with the plaintiff." The argument is, that this refusal, being placed upon a ground which furnished no excuse whatever for the same—since, so far as the consideration for the deed was concerned, the defendant had already received it in full, and had accepted it—was in law equivalent to an absolute refusal to convey at all, and that thereupon a right of action to recover the agreed price of the lot accrued to the plaintiff, which could not i e defeated by the subsequent tender of the deed. We do not agree to this. Notwithstanding his refusal, even if it be admitted to have been absolute in effect, the defendant did not thereby lose his right to a reasonable time within which to execute and deliver the deed. The law gave him that time in which to consider the matter and perform his contract. If he performed it within that time, the plaintiff could not be injured by a refusal of which the defendant had seasonably repented. By the execution and delivery of the deed, or the equivalent tender within the reasonable time, the plaintiff got all that he was entitled to.

The judgment must be modified by deducting, from the amount of the recovery adjudged therein, the sum of two hundred dollars, being the agreed price of the lot.

Ordered accordingly.