FREDERICK W. PAINE *vs.* HENRY H. HARRISON.

April 30, 1888.

Vendor and Purchaser—Right to Rescind, when to be Exercised.—In a contract for the sale of real estate, the vendee agreed to erect a certain building upon the land, and to lay the foundation in the summer of 1886; and the vendor reserved the right, in case of failure to lay the foundation during that summer, to elect to rescind the contract, upon repaying all payments and interest. The last payment was to be made in February, 1887. *Held,* that the right to elect was to be promptly exercised, within a reasonable time after it accrued; and the parties, after the vendor knew it had accrued, having dealt so as to recognize the continued existence of the contract, the right to rescind was gone.

Action to rescind a contract of sale of land, brought by the vendor in the district court for St. Louis county, the answer containing a counterclaim for specific performance. Trial before *Stearns, J.,* and judgment ordered and entered for plaintiff, from which the defendant appeals.

*Fayette Marsh,* for appellant.

*Wm. W. Billson,* for respondent.

GILFILLAN, C. J.[1] Action to cancel a contract to convey real estate. The contract was contained in two instruments, simultaneously delivered, by one of which the plaintiff agreed to sell and convey, and the defendant to buy, a piece of land at the price of $1,500,— $1,000 down, and $500 in one year from the date, which was February 15, 1886; and by the other of which the defendant agreed, as a consideration for the contract to sell, to erect on the real estate a stove-foundry and factory, the foundation to be laid and other preparatory steps taken in the summer of 1886; and it was also agreed that, in case the foundation was not laid in the summer of 1886, then plaintiff was to have the option of repaying to defendant any and all payments the latter might have made on the contract of sale, with 8 per cent. from the dates of payment. This latter clause amounted

[1] Mitchell, J., being absent, took no part in this decision.

to a reservation by plaintiff of the right, in case of failure to lay the foundation in the summer of 1886, to elect either to rescind the contract to sell, or to treat it as still in force. Of course, such a right of election could not, upon the terms of this contract, continue indefinitely. It was a right that should be exercised promptly, and within a reasonable time after it accrued. And we think it would not be going too far to say that, in the absence of fraud on the part of defendant, it was the duty of plaintiff to know whether the right to elect accrued or not, and when it accrued. At any rate, any dealing by him with the defendant after the right accrued, and after he had actual knowledge of it, consistent only with a purpose to regard the contract as still in force, would be an election to so treat it.

And this is the case upon the facts found by the court below. No foundation was laid during the summer. The court finds that "after the summer of 1886, and as late as October, 1886, the plaintiff urged the defendant to proceed and lay the foundation for such foundry or factory, which the defendant promised to do." At that time, he knew, of course, that the event had happened on which his right to elect arose. It was his duty then to elect, and give defendant notice of his election. Nothing would relieve him from this duty, and save his right of election, so that it might be exercised at some future time, but an agreement with defendant to that effect. There was no such agreement with defendant. Plaintiff urged defendant to proceed and lay the foundation, and the latter promised to do so; both treating the contract as in force. The plaintiff having omitted to exercise his right to rescind the contract, and thereby waived such right, this urging and promise, wholly indefinite as to time, could not be construed as an agreement that the right to elect should survive, to be exercised at some future time, or that a similar right should accrue on failure to perform the promise. Agreements to forfeit rights must be clearly established.

Immediately following the finding above given, is this: "And the plaintiff did not know that no such foundation had been laid till after the 14th day of February, 1887." From the whole finding, taken together, it must be understood that in October the plaintiff knew that the foundation had not been laid, as required by the written contract,

but did not, before Februrary 14th, know that it had not been laid sub-sequently.   No reason for his not knowing is stated, and none is apparent, except his neglect to ascertain.   On February 14th, he waived the payment of the deferred $500 and interest until defendant should return from Tower, thus recognizing the contract to be still in force. On February 17th, the parties had negotiations looking to plaintiff conveying to defendant other real estate in lieu of that described in the contract, which was also a recognition that the contract was in force.   After this, on the same day, the defendant offered to pay the deferred $500 and interest, (not making a formal tender, however,) and demanded a conveyance, which plaintiff declined, (no reason for it being stated in the findings.)   On February 23d, defendant tendered the $500 and interest, and a deed for plaintiff to execute.   This seems to have been declined, but for what reason is not found.   On February 25th, plaintiff gave defendant notice of his election to pay back all payments and interest, and thereupon tendered the amount, which defendant refused.   From these facts it is apparent that both parties considered the contract as in force till February 25th, when plaintiff attempted to rescind.   The right of rescission was then gone, by reason of the failure to exercise it within a reasonable time after it accrued, and of the subsequent acts of the parties recognizing the contract as still in force.   The judgment must be reversed, and the cause remanded, with directions to the court below to enter judgment for the defendant as prayed for in the answer.