ALONZO W. PAYNE v. LESLIE S. HACKNEY.[1]

October 18, 1901.

Nos. 12,685—(32).

## Vendor and Purchaser—Recovery of Purchase Money.

Where the vendor, in a contract for the sale of land, refuses for any reason to carry out and complete the contract, whether because it is void under the statute of frauds because not in writing, or whether not fully completed by the execution of written evidence of it, the purchaser may recover the purchase price paid by him.

## Payment to Agent Ratified.

Payment to an agent not authorized to receive the same becomes effectual as a payment to the principal upon the appropriation by him, with full knowledge of all the facts, of the money paid to the agent.

## Verdict Sustained by Evidence.

It is held in this action that the evidence is sufficient to justify the jury in finding (1) that certain agents were authorized by defendant to sell the land in controversy, and (2) that defendant received and appropriated to his own use an unauthorized payment made to them on account of the purchase price therefor.

## Assignments of Error.

Various assignments of error considered and disposed of.

Action in the district court for Ramsey county to recover $320 paid to defendant on account of the purchase price of real estate, and interest, and $500 damages for defendant's breach of his agreement to convey. The case was tried before O. B. Lewis, J., and a jury, which rendered a verdict in favor of plaintiff for $336.10. From an order denying a motion for judgment in his favor notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Ashley Coffman*, for appellant.

*How, Taylor & Mitchell*, for respondent.

[1] Reported in 87 N. W. 608.

BROWN, J.[2]

This action was brought to recover damages for the failure on the part of defendant to complete a contract for the sale of certain real estate. Plaintiff had a verdict in the court below, and defendant appeals from an order denying his alternative motion for judgment notwithstanding the verdict or for a new trial.

The facts are as follows: Defendant is engaged in the real-estate business in the city of St. Paul, buying and selling farm lands, and doing business under the firm name of L. S. Hackney Land Company, a copartnership consisting of himself and his brother, J. M. Hackney. Defendant owned a tract of land containing three hundred twenty acres, situated in the state of North Dakota, which he had listed for sale with his copartnership. The Weymouth & Ferguson Land Company is another copartnership engaged in the real-estate business at St. Paul, and it is claimed that this company was authorized to negotiate sales of lands for the Hackney Company. There is no question but that they were so authorized, it being agreed between the two companies that the Weymouth & Ferguson Company might negotiate such sales, and they were to receive as a commission for their services one dollar per acre for all lands sold. Acting under their authority as agents for the Hackney Company, the Weymouth & Ferguson Company negotiated a sale of the land mentioned to the plaintiff in this action, agreeing with him as to the terms of the sale, the amount of cash payment, and the time given for the deferred payments. They reported the sale, and all the terms and conditions thereof, to the Hackney Company, and the latter company verbally approved the same, and prepared a form of contract, together with promissory notes for the deferred payments.

This contract and the promissory notes were delivered to the Weymouth & Ferguson Company, and they forwarded the same for signature to the plaintiff, who resided in Iowa. Plaintiff properly signed and executed the contract and notes, and delivered the same, together with the first payment of $320, to one Cline, who represented the Weymouth & Ferguson Company. Cline de-

[2]LEWIS, J., being absent, took no part.

ducted from the cash payment his compensation, forwarding the balance, together with the contract and notes, properly signed by plaintiff, to the Weymouth & Ferguson Company, who in turn, subsequently delivered them to the Hackney Company, but the contract was never signed or executed by defendant or by any one else for him. The cash payment was never turned over to him, and for this reason he declined to carry out the sale. The payment was retained by Weymouth & Ferguson as their commission. Plaintiff was not informed of defendant's refusal to complete the contract for some time after he had forwarded the papers to the Weymouth & Ferguson Company, and he removed with his family to North Dakota, where the land was located, for the purpose of taking possession and cultivating it. After his arrival in North Dakota he was informed for the first time that defendant had declined to carry out the agreement, and he subsequently brought this action to recover damages for the breach.

At the trial in the court below, the court held that inasmuch as the contract had never been signed or executed by, or on behalf of, defendant, no valid enforceable contract existed between the parties, that plaintiff could recover only the payment made by him for the land, and all evidence of special damages for the breach of the contract was excluded and ruled out. The promissory notes having been returned before the commencement of the action, no recovery was demanded as to them.

Upon the merits of the case, two principal questions are presented: (1) Whether Weymouth & Ferguson were authorized, as the agents of defendant, to enter into a contract for the sale of the land to plaintiff, and to receive the cash payment made by him; and, (2) if they were not authorized to receive such payment, whether defendant ratified their act, and received and appropriated the payment to his own use. We have examined the record, and all the evidence contained in it, with care, and reach the conclusion that the verdict of the jury on these questions is amply supported, and cannot be disturbed. There is practically no question but that Weymouth & Ferguson were authorized agents of defendant in the matter of the sale of this and other lands held or

owned by him or by the copartnership of which he was a member. They made this particular sale, reported it to defendant, and the same was approved, and the form of contract prepared by him or his brother, and delivered to Weymouth & Ferguson for execution.

The evidence is not clear, however, that Weymouth & Ferguson had authority to receive the payment in question. Defendant expressly denies that they had such authority, and there is no clear or satisfactory proof to dispute it. But whether they possessed that authority or not is not very important. The fact remains that the money was collected by them, and defendant was informed of the fact. After being so informed, and in an attempt to adjust the differences arising because of his failure to carry out the agreement, he appropriated the full amount of the payment to his own use by applying it in payment of commissions due Weymouth & Ferguson on other sales made for him or his company. In a letter written by the Hackney Land Company, signed by J. M. Hackney, plaintiff is expressly informed of such settlement and adjustment with the agents. Although defendant testified that his brother had no authority to write this letter or to make the statements therein contained, the evidence is fully sufficient to justify the jury in finding to the contrary, and that he was authorized to write it.

So we have a case where an authorized agent has made a sale of land for his principal, and received a cash payment therefor without authority, but which payment is subsequently, with full knowledge of the facts, ratified, and the money appropriated by the principal to his own use. Such a ratification and appropriation is equivalent to the receipt of the money by the principal or the payment thereof to him direct. 1 Warvelle, Vend. 220, and cases cited.

The authorities are very uniform that where a contract is made for the sale of land, which for any reason the vendor refuses to carry out, the purchaser may recover the purchase price paid. This applies to all cases where the contract is void under the statute of frauds because not in writing, and where, as in the case at bar, it is not fully completed by the execution of written evidence of it. 2 Sutherland, Dam. § 583, and cases cited; Bennett

v. Phelps, 12 Minn. 216 (326); Herrick v. Newell, 49 Minn. 198, 51 N. W. 819. The case last cited in directly in point. That was an action brought to recover damages for the breach of a similar contract, and it appeared on the trial that the contract was a verbal one, and void under the statute of frauds, but the purchaser was permitted to recover the consideration paid to the vendor. In the case at bar the action is in form one to recover for the breach of the contract, but it appeared on the trial that the contract, though all the terms thereof were fully agreed to, was not in fact completed by reason of the failure of defendant to sign the writing evidencing it, and within these authorities the plaintiff may recover the consideration paid.

A large number of assignments of error are urged and discussed by counsel for appellant, but as none of them present any new or important question of law we do not deem it necessary to discuss them separately in this opinion. We have examined them all, and find no reversible error in the record. Some of the assignments go to the rulings of the court on the admission of certain evidence, and some present exceptions to the charge to the jury. Some of the rulings admitting evidence may have been erroneous, but the errors were without prejudice to the substantial rights of defendant, and therefore no ground for a new trial. The same may be said, if error in the charge be conceded, with reference to the instructions to the jury.

Upon the whole record we are satisfied that substantial justice has been done, that the evidence fully justifies the verdict of the jury, and the order appealed from is affirmed.