(February 26, 1914.)

## A. C. AMONSON, Respondent, v. IDAHO DEVELOPMENT COMPANY, Appellant.

[139 Pac. 352.]

CONTRACT—ORAL CONTRACT FOR SALE OF REAL PROPERTY—REPUDIATION OF CONTRACT BY PARTIES WHO MADE THE CONTRACT—RIGHT OF RECOVERY UPON THE FACTS SHOWN IN THE CASE—LIABILITY OF AGENT OF THE PERSON SELLING PROPERTY WHERE A PARTIAL PAYMENT WAS MADE AND THEREAFTER THE AGREEMENT WAS REPUDIATED AND WAIVED BY BOTH PARTIES.

1.   Where an oral contract was made by A. and the I. D. Co., being the respondent and appellant, for the sale of real estate, and the contract provided that the price was $900, and $225 was paid at the time the contract was made as a part of the purchase money, and thereafter a difference arose as to the terms of the contract, and both parties repudiated the contract and refused to rely upon the same, and thereupon this action was brought for the recovery of the money paid, *held*, that the plaintiff had a cause of action against the defendant upon the facts and the law.

2.   *Held*, in this case, that the record and the evidence show conclusively that there was no consideration for the payment of the sum paid, and the record does not show any right or equity for the claim made by defendant in his answer.

APPEAL from the District Court of the Sixth Judicial District for Lemhi County.   Hon. J. M. Stevens, Judge.

Action to recover a part of the purchase price for certain real property purchased under an oral contract.   Judgment *affirmed*.

John H. Padgham and Arthur O. Fording, for Appellant.

It may be admitted that, since the case is within the statute of frauds, neither party could enforce the contract, because the written and signed memorandum does not sufficiently identify the property.   But it does not follow that the plaintiff, repudiating the contract, can recover back the money paid. The contract, though not enforceable, is yet not unlawful.

The rule is well settled: The purchaser can thus recover only upon tender of performance; if he repudiates, he cannot recover; *a fortiori*, when the vendor tenders performance, the purchaser cannot recover, but his loss is the price of his repudiation. (*Collier v. Coates,* 17 Barb. (N. Y.) 471; *Shaw v. Shaw,* 6 Vt. 69; *Hawley v. Moody,* 24 Vt. 603; *Laffey v. Kaufman,* 134 Cal. 391, 86 Am. St. 283, 66 Pac. 471; *Ketchum v. Everston,* 13 Johns. (N. Y.) 359, 7 Am. Dec. 384; *Coughlin v. Knowles,* 7 Met. (Mass.) 57, 39 Am. Dec. 759; *Lane v. Shackford,* 5 N. H. 130; *Dudley v. Hayward,* 11 Fed. 543; *Crabtree v. Welles,* 19 Ill. 55; *Sims v. Hutchins,* 8 Smedes & M. (Miss.) 328, 47 Am. Dec. 90; *Plummer v. Bucknam,* 55 Me. 105; *Durham Consolidated Land etc. Co. v. Guthrie,* 116 N. C. 381, 21 S. E. 952; *Rhodes' Admrs. v. Storr,* 7 Ala. 346; *Gammon v. Butler,* 48 Me. 344; *McDonald v. Lynch,* 59 Mo. 350; *Hilton v. Duncan,* 41 Tenn. 314; *De Montague v. Bacharach,* 181 Mass. 256, 63 N. E. 435; *Kneeland v. Fuller,* 51 Me. 518; *Johnson v. Puget Mill Co.,* 28 Wash. 515, 68 Pac. 867; *Day v. Wilson,* 83 Ind. 463, 43 Am. Rep. 76; *Morris v. Goodwin,* 1 Ind. App. 481, 27 N. E. 985; *McKinney v. Harvie,* 38 Minn. 18, 8 Am. St. 640, 35 N. W. 668.)

E. W. Whitcomb and Frank L. Plummer, for Respondent.

Appellant, in all ways and at all times, by positive and affirmative acts, refused to comply with the terms of the oral contract, and under such conditions respondent was not required to tender performance.

This is a case where appellant has repudiated the original contract and forced the respondent to bring action to recover his original payment. (*Durham v. Wick,* 210 Pa. 128, 105 Am. St. 789, and note, 59 Atl. 824, 2 Ann. Cas. 929; *Welch v. Darling,* 59 Vt. 136, 7 Atl. 547; 29 Am. & Eng. Ency. of Law, 2d ed., 838, note 1; *Cabrera v. Payne,* 10 Cal. App. 675, 103 Pac. 176; *Wood v. McDonald,* 66 Cal. 546, 6 Pac. 452; *Monger v. Effland,* 87 Kan. 710, 125 Pac. 46; *Dudley v. Haywood,* 11 Fed. 543.)

There are many cases which enunciate a rule far more favorable to the respondent than the cases above cited. (*Scott v.*

*Bush,* 26 Mich. 418, 12 Am. Rep. 311; *Flinn v. Barber,* 64 Ala. 193; *Nelson v. Shelby Mfg. etc. Co.,* 96 Ala. 515, 38 Am. St. 116, note, 11 So. 695; *Reynolds v. Harris,* 9 Cal. 338; *Thomas v. Sowards,* 25 Wis. 631; *Tucker v. Grover,* 60 Wis. 233, 19 N. W. 92; *Collins v. Thayer,* 74 Ill. 138; *Allen v. Booker,* 2 Stew. (Ala.) 21, 19 Am. Dec. 33; *Johnson v. Hanson,* 6 Ala. 351, 41 Am. Dec. 54.)

Clark, as appellant's agent, offered a sale of the lots without any conditions, restrictions or limitations in the title, while the appellant offered a conditional title. These circumstances alone would entitle respondent to recover the part of the purchase price paid by him. (*Pipkin v. James,* 1 Humph. (Tenn.) 325, 34 Am. Dec. 652.)

When there exists any testimony on which to base a finding of the court below, it will generally not be disturbed on appeal. (*Brown v. Grubb,* 23 Ida. 537–539, 130 Pac. 1073; *Wheeler v. Gilmore etc. Ry. Co.,* 23 Ida. 479, 130 Pac. 801.)

STEWART, J.—This action was instituted by the respondent against the appellant to recover the sum of $225, with interest paid to the appellant, as part of the purchase price for certain real property purchased under an oral contract. The pleadings in the case allege the facts of the oral agreement at the time the money was paid. The court by agreement of parties appointed a referee to ascertain the facts and liabilities of the parties in the action.

The evidence shows that the appellant, in the latter part of August, 1910, through its agent, A. H. Clark, entered into an oral agreement with the respondent for the sale of two lots of land in Leadore town site, Lemhi county, Idaho, for the sum of $900, $225, or 25 per cent of which was to be paid in cash, and 10 per cent, or $67.50 per month was to be paid on the balance until the whole amount was paid. The amount of the purchase price and the terms of payment constituted the sole terms and conditions of the oral contract; later, the respondent called for some writing on the part of the defendant to evidence his interest and rights in the lots proposed to be purchased.

Some time on or about October 10, 1910, the appellant caused to be prepared and tendered to the respondent a written and printed contract for the sale of the lots in question, containing conditions regarding taxes, rents, kind of buildings to be erected upon the premises, etc., which plaintiff refused to accept on account of the limitations and restrictions therein, which respondent claimed were contrary to the terms of the oral contract.

Later, on or about November 14, 1911, the appellant caused a deed to the premises to be tendered to the plaintiff, containing restrictions and limitations which were not considered at the time the oral contract was entered into between the parties, and which were not mentioned at the time the $225 was paid, and when this deed was tendered the respondent refused to accept it. It is shown that the appellant has never offered at any time to perform its part of the oral agreement and has refused to comply with the same, and has at all times after the oral contract insisted on making a new agreement which provided for new conditions which were not considered or agreed to when the $225 was paid under the oral contract, and which the respondent has at all times refused to accept.

The trial court appointed A. C. Cherry referee, and the order of the court states:

"He is hereby required to take testimony and ascertain the facts necessary to enable the court to determine this action, and to make findings upon all the material issues of fact with his recommendation as to a judgment to be entered in said action and to return to the judge of this court the testimony taken, for final decision and determination of this action at chambers."

The defendant in its answer admits and denies as follows:

1. Admits that on or about the 30th day of August, in the year 1910, plaintiff and defendant made an oral agreement for the sale to plaintiff of lots 11 and 12 in block 7, of Leadore town site in Lemhi county, for the agreed price of $900— $225 thereof to be paid in cash and the balance in monthly instalments of $67.50 per month until the whole sum was paid.

Denies that by said agreement there was to be no other expense to plaintiff than the said $900 in instalments. Denies the terms set forth in paragraph 2 of plaintiff's complaint.

2. Admits that pursuant to an oral agreement set forth by plaintiff in his complaint, plaintiff paid defendant the sum of $225 as hand money and the first payment on said lots.

3. Denies that plaintiff requested defendant to perform its part of said agreement and to deliver to him a written contract in accordance with his alleged oral agreement. Avers that defendant tendered to plaintiff a contract, partly written and partly printed, providing for the payment of interest and taxes for the year 1910, which is plaintiff's exhibit No. 2. Avers that the covenant in said written contract for the payment of taxes for the year 1910 was a mistake; such covenant should have been one for the payment of taxes for the year 1911, which mistake defendant offered to change by eliminating that item from the contract, as well as the item of interest, but plaintiff declined to accept the offer to so change said contract, and refused to accept such written contract on any terms, or at all. Defendant denies that the plaintiff refused to accept the written and printed contract for the reason that it was not the contract agreed upon; on the contrary, alleges that when said written contract was tendered to plaintiff, he refused to accept it on any terms or conditions. Admits that defendant refused to repay to plaintiff said sum of $225.

Defendant further alleges: That A. H. Clark was the agent of the defendant for the sale of town lots in the town site of Leadore, Lemhi county; that a few days prior to the 30th day of August in said year, A. H. Clark, acting in behalf of defendant, and the plaintiff, made a verbal agreement for the sale by defendant to plaintiff of the lots described in plaintiff's complaint, which agreement was, as defendant is informed and believes, and therefore alleges the fact to be: That defendant would sell and plaintiff would purchase the aforesaid lots for the sum of $900, the sum of $225 to be

paid cash in hand, and the balance in monthly instalments of $67.50 each until fully paid.

2. That pursuant to the terms of said verbal agreement plaintiff voluntarily paid to said agent of defendant the sum of $225.

3. That the defendant had a certain form of contract which it required all purchasers of lots in said town site to sign when the price was not paid in advance, which contract is the same as plaintiff's exhibit 2, offered and received in evidence before the referee. That after said payment of $225, defendant tendered said exhibit 2 to plaintiff to sign, and plaintiff refused to sign same, at the same time objecting to the covenants for payment of interest on deferred payments, and taxes on said lots. That thereafter defendant offered plaintiff to eliminate the items of interest and taxes from said contract, but plaintiff then refused to sign a written contract for the sale of said lots. Defendant then waited until all instalments were due, under said verbal contract, when about the month of November, 1911, it tendered to plaintiff a deed of said lots, such as it gave to all purchasers of lots in said town site, and demanded payment of the purchase price of said lots, said deed being defendant's exhibit "C," whereupon plaintiff refused to accept said deed and refused to pay said price, then giving as his only reason for refusal to accept the deed that it was tendered too late, and that a deal in August, 1910, and one a year or more after were two different propositions.

4. Defendant again tenders said deed to plaintiff, and if the same is not acceptable to him on account of its covenants, it hereby tenders to him and offers to deliver to him a warranty deed of said lots without other covenants than the general and usual covenants of warranty, thereby conveying to him a fee simple title to said lots free from encumbrance, and offers to receive therefor the sum of $900 without interest thereon or the payment of taxes on said lots.

5. The defendant alleges that it is ready and willing to deliver to plaintiff a good and sufficient deed of said lots upon payment of the sum of $675 and to carry out and complete

the verbal agreement made for the sale to plaintiff of said lots, as plaintiff understood it to be at its inception, and to carry out said contract fully and completely on its part.

6. Defendant alleges that the payment of the sum of $225, made by plaintiff to defendant, was a voluntary payment made by plaintiff without fraud or mistake.

Upon the issues thus formed the referee tried the case and took evidence as shown by the record and heard argument of counsel in the case and found in substance as follows:

1. That the defendant is a corporation organized under the laws of the state of New Jersey and doing business in the state of Idaho, and that the principal place of business of said corporation within the state of Idaho is at Leadore, in Lemhi county, and that John H. Padgham is its agent within and for said state, as by statute made and provided.

2. That on or about the 30th of August, 1910, A. H. Clark, agent of defendant, made an oral agreement with plaintiff over telephone for the purchase of two certain lots in Leadore town site. . . . . That plaintiff was to purchase said lots for the agreed sum of $900, of which $225 was to be paid in cash and the balance in monthly instalments of $67.50 per month until the whole sum should be paid, which was the total price to be paid for said property; that at no time was there any intimation by Clark that the plaintiff would be compelled to pay any taxes or interest or that the plaintiff would be asked or compelled to accept any contract or other instrument providing for any covenant or agreement, other than the usual and customary covenants and agreements contained in ordinary warranty deeds, and that said plaintiff then and there understood and was led to believe that he would procure a contract for the usual and customary warranty deed of conveyance for said property.

3. That on August 10th, with the understanding that he would secure the ordinary or usual contract as above stated in accordance with the terms of such oral understanding and agreement, the plaintiff paid the defendant the sum of $225 as a first payment under said agreement and understanding.

4. That thereafter the plaintiff requested the defendant to perform its part of said agreement and to deliver to plaintiff a written contract in accordance with such oral agreement, but defendant failed and refused to do or perform its part of said agreement, but on the contrary offered to plaintiff a written contract which did not conform to the terms of said oral agreement, and which differed therefrom in the following particulars: The said contract offered by defendant provided that plaintiff should pay the taxes on said property for the year 1910, and before the delivery of the deed to plaintiff, and also that plaintiff should pay interest to the defendant on the deferred payments on said land; and said contract further provided that no building should be erected on said property except it be a building constructed of either brick, cement or concrete, all of which provisions were materially and vitally different from the oral agreement above set forth.

5. That the plaintiff refused to accept such contract on the ground that it was not as agreed upon, and thereupon demanded the repayment to him of said sum of $225, paid as aforesaid, but the defendant failed and refused to pay the same, and ever since has refused to pay said money to plaintiff.

6. That plaintiff requested the defendant to perform its part of said agreement and to deliver to him a written contract in accordance with its promises and agreements, which the defendant failed and refused to do, whereupon the plaintiff demanded the repayment of said $225; that on or about November 11, 1911, the defendant tendered to the plaintiff a deed to said lots, which deed differed from the usual warranty deed in various respects, and especially in the following provisos, which are incorporated therein. These provisions are somewhat lengthy, and briefly stated are that no building shall be erected on said lots except it be a building constructed of either brick, concrete or cement, and should said party of the second part and his lessees and subtenants or assigns construct a building or buildings upon said land otherwise, in that case the conveyance would immediately become null and void and of no effect whatever, and the whole of the estate and all improvements thereon would immediately revert and

become the property of said party of the first part, its successors and assigns forever.

The referee further found that the plaintiff refused to accept the deed, and that the defendant failed and refused to comply with its part of the oral agreement as made, and repudiated the same, and attempted to substitute an entirely different and foreign agreement in place of the agreement actually made. The referee states:

"I further report that on the 16th day of April, 1913, the defendant filed with me its certain motion to strike out the evidence of the plaintiff herein and to grant a nonsuit for the reasons therein stated, which motion was by me denied. The said motion is all hereto annexed as a part of this report.

"I find as conclusions of law that the plaintiff is entitled to judgment against the defendant for the sum prayed for in said complaint and for all costs and disbursements herein, to wit, for the sum of $225, with interest thereon from August 30, 1910, and costs and disbursements. And I recommend that judgment be entered accordingly."

These findings of the referee were objected to by the appellant, but the trial judge upon such findings rendered a judgment on May 2d, which was afterward vacated, and on July 2d the following judgment was entered:

"The court, having examined the evidence in said case and duly considered the same, hereby approves and adopts the findings of fact made by the referee and filed in this case, and approves and adopts the conclusions of law as found by the referee in said case, and hereby makes said findings and conclusions of law the findings of fact and conclusions of law of this court.

"Therefore it is ordered, adjudged and decreed, that plaintiff have judgment against the defendant for the sum of $266.80, being $225.00 as principal and $41.80 as interest, with interest thereon at the legal rate from the date hereof, together with plaintiff's costs in this action amounting to the sum of $43.10."

The appeal is from the judgment entered on the 2d day of July, as above stated.

While there are a number of errors assigned by the appellant, from our examination of the record and the argument of counsel, it is clear that the only question presented which has merit, and which deserves consideration, is whether the evidence is sufficient to support the findings of the court and the judgment. The evidence in this case is clearly in conflict, and, as we view it, the preponderance is with the respondent.

The appellant in his brief refers to the errors assigned and states:

1. The court erred in entering judgment after exceptions to the referee's report had been duly filed, and without hearing the said exceptions.

2. The court erred in entering the said judgment of May 3, 1913, without any facts found by the court, or findings adopted by the court, on which to found the judgment.

3. The court erred in assuming to enter a second judgment July 2–3, 1913, after an appeal had been taken from the said first judgment.

In the appellant's brief the appellant asserts and admits: "As the evidence is all in the record, the defendant is willing to waive these manifold irregularities and submit the case on its merits to the supreme court, not doubting that the ends of justice may thus be more speedily attained."

This leaves but one question to be decided in this case, and that is the sufficiency of the evidence to support the findings made by the referee and adopted as the findings of the trial court, upon which the court rendered judgment, and from which the appeal is taken. This court is of the opinion, from the record and the evidence, that the findings of fact of the trial court and the judgment are supported by the record in this case, and that such facts show that the plaintiff in the case was entitled to recover the amount paid the defendant, and that the record shows conclusively that there was no consideration for the payment of said sum, and the record does not show any right or equity for the claim made by the defendant to retain said sum. This court has laid down the

rules of law applicable to evidence in this class of cases in the following cases: *Brown v. Grubb,* 23 Ida. 537, 130 Pac. 1073; *Wheeler v. Gilmore etc. Ry. Co.,* 23 Ida. 479, 130 Pac. 801; *McMahon v. Cooper,* 23 Ida. 413, 130 Pac. 456; *Denbeigh v. Oregon-Washington etc. Nav. Co.,* 23 Ida. 663, 132 Pac. 112; *Johnson v. Fisher,* 23 Ida. 561, 131 Pac. 8. See, also, *Pipkin v. James,* 1 Humph. (Tenn.) 325, 34 Am. Dec. 652.

The contention of the appellant in this case would be unjust and not equitable, and not according to the rules of law governing the right of action.

The judgment is affirmed.    Costs awarded to respondent.

Ailshie, C. J., and Sullivan, J., concur.