# LUCIAN C. BROWN AND ANOTHER v. CALIFORNIA AND WESTERN LAND COMPANY.[1]

## May 7, 1920.

## No. 21,705.

**Vendor and purchaser — tender of performance by vendees.**

1. The evidence sustains a finding that plaintiffs, vendees in a contract for sale of realty, upon two occasions made full tender of performance.

**Same — rescission for inability of vendor to perform.**

2. The evidence further sustains a finding that on neither occasion, not at any time prior to the commencement of this action to recover the consideration paid, was defendant ready, able or willing to perform, and that plaintiffs were entitled to rescind for such nonperformance and to recover the money they had paid.

**Same — insurance of title and payment concurrent obligations.**

3. Defendant was entitled to a reasonable time after demand to prepare a deed. As to other obligations assumed, it was defendant's duty to be ready to perform when the time for performance arrived. An agreement to furnish title insurance upon completion of payments, obliges the vendor to procure the insurance. The two obligations are concurrent.

**Offer of performance after rescission.**

4. Offer of performance after rescission by the other party is unavailing. Rescission annihilates the contract.

**Notice of rescission sufficient.**

5. Plaintiffs rescinded and they gave notice of the rescission. Such notice is sufficient if it advises the vendor that failure to perform on its part will be followed by suit to recover back the price paid.

**Waiver of right of rescission.**

6. Tender of performance waives previous rescission, but does not waive right of rescission for continuing failure to convey a good title.

**Trial of issue not pleaded.**

7. Other alleged errors are *held* to present no ground for reversal. An issue voluntarily litigated is properly determined, though not pleaded.

[1] Reported in 177 N. W. 774.

Action in the district court for Hennepin county to cancel plaintiff's note of $1,250 and to recover $4,125. The answer set up a counterclaim for $1,444.82. The case was tried before Steele, J., who made findings, ordered judgment in favor of plaintiffs for $4,129.93 and the surrender and cancelation of the note for $1,250. From an order denying its motion for additional findings or for an order amending the findings and order for judgment or a new trial, defendant appealed. Affirmed.

*G. Winthrop Lewis,* for appellant.

*Dille, Hoke, Krause & Faegre,* for respondents.

HALLAM, J.

In March, 1914, defendant owned a tract of land in California. On March 19, 1914, defendant sold 40 acres of the tract to plaintiff for $5,000. A contract of sale was executed by which the seller agreed to "furnish a certified copy of abstract thereto, showing good title," and "to furnish to said purchaser, upon completion of the above payments, a good and sufficient guarantee of title," meaning thereby, as the parties admitted "to furnish them some title policy from some company they will choose and say that it is a reputable company," and "agreed that said lands shall be conveyed by good and sufficient deed to said purchaser * * * upon the payment of Five Thousand Dollars ($5,000)," which said purchaser agreed to pay as follows: The sum of $1,250 paid down; $1,250, March 19, 1915; $1,250, March 19, 1916; $1,250 March 19, 1917. Notes were given for the deferred payments.

On execution of the contract, plaintiffs entered into possession of the land and continued in possession until May, 1915, and they made the payments maturing in 1915 and 1916.

Soon after the last payment fell due in March, 1917, plaintiffs, who lived in New York, opened up correspondence with defendant, whose head office was in St. Paul, and numerous letters were written back and forth. In May, 1917, plaintiff George W. Brown wrote defendant inquiring why the final note with a deed attached had not been presented for payment, and asked to be advised "as to disposition you make of this matter at the earliest possible moment, as it is my intention to liquidate my investment as soon as I receive your deed and guaranteed

title to the property." In one letter, defendant's president wrote that defendant was having some difficulty in getting the abstract brought down to date and stating, "we are in correspondence with a California firm regarding a guaranty of title, and there is no difficulty about that feature of the case." Nothing resulting, plaintiffs, early in 1917, employed Mr. Hoke, an attorney, to represent them. On March 2 Hoke called upon Mr. Graves, defendant's president, and there is evidence that he told Graves that plaintiffs were "insistent upon the matter being brought to a head one way or the other;" that Graves said that defendant could not give a deed then and that Hoke said: "We would either have to get the deed or get the money back;" "that the Browns had been ready to pay money for about a year and wanted to get it closed and get their deed, and had finally taken the position, inasmuch as they couldn't get their deed, they wanted to get their money back."

On March 15 Hoke again called at Graves' office. Finding him out, reached him by telephone and there is evidence that Hoke told Graves that he was there, "prepared to make a tender of the amount due under that contract," and that Graves said: "It may be understood that a tender has been made." There is evidence that on one occasion Graves told Hoke that there was a blanket mortgage on the property from which this piece had not been released, that defendant was having some difficulty in raising funds, and did not have the money with which to procure the release of this particular piece.

On March 27, 1918, plaintiff commenced an action against defendant to recover the money paid, on the theory that, by reason of nonperformance of the contract by defendant, plaintiffs had made a voluntary rescission of the contract.

Because of a question between Hoke and Graves as to what had taken place between them, plaintiff dismissed that action. On June 8, 1918, Hoke again called on Graves and plaintiffs' evidence is that he made an unconditional tender of the entire amount due.

On June 11 defendant tendered a deed in due form, but made no tender of any abstract or of title insurance, and on that date the land was still encumbered by a $13,000 blanket mortgage covering the 400 acres, of which the 40 acres here involved is a part. Plaintiffs' evidence is that the tender was refused, and that Hoke stated as grounds, "among

other things, you have got no abstract of title and the title is not clear * * * and you have got no guarantee of title."

On the trial, in May, 1919, defendant offered a deed, an abstract of title showing the encumbrances mentioned, and a release of this land therefrom. It did not then tender, nor had it procured or negotiated, title insurance, but offered "to obtain for plaintiffs, at its expense, any policy of title insurance, as a guarantee, that the plaintiffs might request, and in a company approved by the plaintiffs."

There are 40 assignments of error and they are argued in the brief in some detail, but the errors assigned resolve themselves into a few general questions.

1. The trial court found that on two occasions, in March and in June, 1918, "plaintiffs made full tender to defendant of the full and final payment and performance to be made by plaintiffs under said contract." This finding is amply sustained by the evidence.

2. The court further found that upon neither occasion "nor at any time herein mentioned, was defendant ready, able or willing to perform the terms and conditions of said contract to be by it performed." If this finding also is sustained by the evidence, this practically disposes of the case, for, if plaintiffs tendered full performance and defendant was not ready, able or willing to perform, plaintiffs were entitled to rescind the contract and recover the money they had paid. Payne v. Hackney, 84 Minn. 195, 87 N. W. 608; Moulton v. Kolodzik, 97 Minn. 423, 107 N. W. 154, 7 Ann. Cas. 1090; Schlemmer v. Nelson, 123 Minn. 66, 142 N. W. 1041.

We think this latter finding is sustained by the evidence. Defendant had, by its contract, obligated itself, in effect, to execute and deliver a deed properly executed, to have a clear title to convey, to furnish a correct abstract of title, and to furnish a policy of title insurance.

3. As to the deed, defendant was entitled to a reasonable time after demand in which to prepare and execute it. Porter v. Montgomery, 26 Minn. 118, 1 N. W. 844; McNamara v. Pengilly, 58 Minn. 353, 59 N. W. 1055.

As to the other obligations, it was defendant's duty to be ready when the time for performance arrived. Goetz v. Walters, 34 Minn. 241, 25 N. W. 404; Gregory v. Christian, 42 Minn. 304, 44 N. W. 202, 18 Am.

St. 507; Williams v. Gilbert, 120 Minn. 299, 139 N. W. 502; Schlemmer v. Nelson, 123 Minn. 66, 142 N. W. 1041.

As to the title insurance, our opinion is, that it was not incumbent on plaintiffs to make, in the first instance, a selection or designation of the insurer, but that it was incumbent on defendant to do so, subject to the approval of plaintiffs, and that this was a concurrent condition, to be performed "upon completion," that is, at the time of completion, of the payment.

Defendant tendered a properly executed deed, but was not prepared to perform any of the other obligations until long after the commencement of this action, and, as to the title insurance, defendant never performed nor tendered performance.

4. Offer of performance after the rescission was unavailing. Goetz v. Walters, 34 Minn. 241, 25 N. W. 404; Gregory v. Christian, 42 Minn. 304, 44 N. W. 202, 18 Am. St. 507. This is not an action to rescind, but an action to recover money paid on the theory that rescission had already been made by the act of plaintiffs. If rescission had been made by plaintiffs for justifiable cause, defendant could not undo it. Rescission annihilates the contract, and, after a binding election to rescind, each party is returned to his previously existing rights. Tarara v. Novelty Electric Mnfg. Co. 136 Minn. 216, 221, 161 N. W. 409; Lytle v. Scottish Am. Mortg. Co. 122 Ga. 458, 50 S. E. 402; Olson v. Lamb, 56 Neb. 104, 76 N. W. 433, 71 Am. St. 670; Jones v. McGinn, 70 Ore. 236, 140 Pac. 994; 6 R. C. L. 942.

5. We think plaintiffs did rescind. They made it clear that they demanded performance by defendant or their money back, and, when the deed was tendered, they rejected it because not accompanied by performance in the other essential particulars. Plaintiffs' evidence is to the effect that there was no offer by defendant to perform in these other particulars and plaintiffs accordingly commenced suit.

There is authority to the effect that notice is necessary to consummate rescission and that such notice must be given before commencement of an action to recover the amount parted with. Black, Rescission, § 569; 13 C. J. 618; St. Regis Paper Co. v. Santa Clara Lumber Co. 186 N. Y. 89, 78 N. E. 701; Angel v. Columbia Canal Co. 69 Wash. 550, 125 Pac. 766. Doubtless this is true. Such notice need not, how-

ever, be in express terms or couched in any particular language. We think notice was given in this case from which defendant must have understood that failure to perform on its part would be followed by a suit by plaintiffs to recover their money back. This is sufficient. Black, Rescission, § 574; Ackerman v. Voorhies, 33 N. Y. Super. Ct. (1 Jones & S.) 487.

It may be, as defendant claims, that toward the end of their negotiations, plaintiffs preferred a return of their money to performance, but that matters not, so long as they did, or offered to do, everything required of them under their contract. There is ample evidence that they did do so.

6. Defendant contends that the tender made June 8 was a waiver of any right to rescind existing prior thereto, citing Paine v. Harrison, 38 Minn. 346, 37 N. W. 588. When plaintiffs made a tender on June 8, that did operate as a restoration of the contract, if defendant saw fit to treat it so. It gave defendant another chance to perform. But this is not of great importance. Plaintiffs' conduct did not waive the right to rescind for continuing failure of defendant to perform and convey a good title. Such a condition is not eliminated from the contract by failure to insist on timely performance. Defendant not only continued in default of performance in this particular, but apparently at that time could not perform.

7. Evidence of prior tender by plaintiffs and failure of defendant to perform was properly received as part of the consistent course of conduct of both parties.

Defendant contends that this land could have been released from the encumbrances by payment to the holder thereof of the balance due on this contract. We need not discuss the question of law which would arise under such a state of facts, for the evidence does not sustain this contention as to the facts. The evidence is that this land could be released from the mortgages by paying "a certain portion," what the "portion" was, does not appear.

Defendant contends that the existence of this encumbrance was not pleaded as a ground for rescission. Whether this be true or not, this

issue was voluntarily litigated by both parties and was therefore properly considered by the court in determining the case.

Order affirmed.