## SMITH v. GORSUCH*

(No. 1342; June 7, 1927; 256 P. 664.)

Vendor and Purchaser — Pleading — Demurrer Admits Allegations of Petition—Liberal Construction—Suit for Money Paid—Breach of Agreement—Action for Money Had and Received.

1. Petition, alleging oral contract for sale of realty, partial payment thereunder, and occupancy by plaintiff, and vendor's subsequent refusal to execute promised written contract or accept monthly payments in amounts agreed on, praying for return of money paid less value of use of premises, *held* to state cause of action.

2. In determining whether demurrer should have been overruled, the matters stated in the petition will be considered as true.

3. A petition for money had and received on an oral contract for the sale of realty breached by the vendor should be construed liberally in order to promote justice, under Comp. St. 1920, § 5532, providing that Code provisions shall be construed liberally.

4. The right of the purchaser under an oral contract for the the purchase of realty to tender payments and compel performance *held* immaterial in his suit for money paid less value of use of premises, where the acts of the defendant showed that he renounced the contract.

5. Acts of vendor under an oral contract for sale of realty by refusing to accept monthly payments agreed on and demanding larger monthly payments, and in refusing to execute promised written contract to purchaser in possion, *held* to constitute breach by the vendor without fault of the purchaser, entitling latter to recover money paid.

6. Purchaser's petition for money had and received under an oral contract for the sale of realty after the vendor's breach *held* not demurrable because of inadequacy of allegations as to right to recover for improvements.

*See Headnotes: (1) 41 CJ p. 63 n. 81. (2, 3) 31 Cyc. p. 79 n. 4; p. 333 n. 76. (4) 41 CJ p. 63 n. 81; 39 Cyc. p. 2004 n. 49; p. 2020 n. 27. (5) 39 Cyc. p. 2005 n. 58. (6) 41 CJ p. 63 n. 81.

ERROR to District Court, Natrona County; BRYANT S. CROMER, Judge.

Action by Calvin J. Smith against Grover C. Gorsuch. Judgment for defendant, and plaintiff brings error.

*Foster & Wehrli,* for plaintiff in error.

The vendor, having rescinded the contract, vendee was entitled to recover what he had paid; 39 Cyc. 2001–2004; Francis v. Brown, 22 Wyo. 528; Amonson v. Development Co., 139 P. 352; Lytle v. Mortgage Co., (Ga.) 50 S. E. 402. The petition was good as against a general demurrer; Pearson v. Brown, (Cal.) 148 P. 956; Peloian v. Waldman, (Cal.) 201 P. 344; Texas Building Co. v. Coleman, 58 S. W. 1044; Buena Vista Co. v. Candlish, (Va.) 23 S. E. 781; Laser v. Forbes, (Ark.) 150 S. W. 691. The purchaser may be charged with a fair rental value of the land, from the time of his acquired possession.

*E. Paul Bacheller* and *H. B. Durham,* for defendant in error.

The facts in the Idaho case, cited by plaintiff in error, show that defendant repudiated the contract and annexed additional terms thereto; in Pearson v. Brown, an express forfeiture was declared, while here no demand for possession was made by vendor; the facts, in the case of Peloian v. Waldman, are quite similar to the Pearson case; in the Texas case, there was a breach of the contract by defendants in an attempt to sell different property than that contracted for; plaintiff failed to plead facts showing rescission; the breach of one party may be treated by the other as an abandonment of the contract authorizing the other to rescind; 27 R. C. L. 639. Relief will not be granted for trivial breaches, but only such as evince an intention, on the part of grantor, to repudiate his obligation; 13 C. J. 613. Plaintiff did not allege a readiness or willingness to perform his part of the contract, and pleaded no facts which would entitle

him to recover; Nes. v. Trust Co., (Md.) 64 A. 310; Krebs Co. v. Livesley, (Ore.) 92 P. 1084. There was no tender of the deferred installments and demand for conveyance, or showing that defendant refused or was unable to convey; Townsend v. Tufts, 30 P. 528.

Before KIMBALL, Justice, and ILSLEY and RINER, District Judges.

ILSLEY, District Judge.

A demurrer to plaintiff's first amended petition, on the ground that the petition did not state facts sufficient to constitute a cause of action, was sustained, and, the plaintiff refusing to plead further, judgment was entered dismissing the cause with prejudice. The plaintiff brings his case here on proceedings in error. Was the demurrer properly sustained?

Briefly, the petition states that the defendant owned real property in Casper, Wyoming; that plaintiff agreed to purchase, through defendant's agent, and the defendant agreed to sell for $9,500, upon the following terms, to-wit: $1000 cash, and $8,500 payable in monthly installments of $125 per month, which was to include interest at the rate of 8 per cent on the principal due and payable from time to time; that the foregoing was an oral contract, but it was agreed that a written contract should be executed embodying these terms, and including a provision that after payment was made in full the defendant was to convey the property to plaintiff by a warranty deed, free from liens and encumbrances, etc; that plaintiff paid $1000 to the defendant, who agreed to the terms of the contract, and plaintiff, with the consent of the defendant, entered and took possession of the property and occupied the same from April 27, 1924, to June 10, 1924, and made certain improvements thereon of the value of $138.35; that thereafter the defendant refused, first, to accept the $125 monthly payments, as agreed upon, but demanded $162.50 per month, in addition to the in-

terest payment on the unpaid balance of $8,500; and, secondly, refused to give the plaintiff a written contract embodying the terms of the oral contract by which the plaintiff, after full payment, was to receive a warranty deed to the premises showing a clear title; and thereupon, and after the refusal of the defendant to comply with the terms of the contract, plaintiff, on the 10th of June, 1924, quit and delivered up possession of the premises, and that since that date defendant has had the premises, together with the use and enjoyment of the same, and has occupied the premises; that demand has been made by the plaintiff for $138.35 expended for improvements, for a return of the $1000, which was the first (or down) payment, and that payment has been refused by the defendant; that after deducting $150 as the reasonable value of the premises for the time that the plaintiff occupied the same, the plaintiff prays for a judgment in the sum of $988.35.

It seems to be agreed by both parties to this suit that this cause does not come within the statute of frauds.

It is apparent from a close reading of the first amended petition that the same is, indeed, inartificially drawn. However, it does appear that a contract was actually entered into, but the defendant was either mistaken as to its terms, or was insisting on a change, and that he refused to carry out the contract pleaded.

The matters stated in the petition will, of course, be considered as true. The petition should be construed liberally in order to promote the objects of the Code of Civil Procedure and assist the parties in obtaining justice. Sec. 5532, Wyo. Comp. Stat. 1920.

It is not necessary to decide, and we do not undertake to say, in every contract repudiated by the vendor or rescinded by him, that a purchaser is entitled to recover back what he has paid on the contract. It has, however, been said:

"It is elementary that a contracting party who is without fault, upon breach of the contract by the other party, may elect to sue and recover damages for the breach of the contract, or he may recover back money paid as upon a consideration which has failed." Francis v. Brown, et al., 22 Wyo. 544, 145 P. 753.

The plaintiff does not ask damages for breach of the contract, but seeks to recover back the money paid, less the value of the use of the property for the time he was in possession. After a study of the authorities, we come to the conclusion that his petition states a cause of action for money had and received. 41 C. J. 52. The defendant argues that plaintiff could have proceeded under the contract, tendering payments when they became due, and at the end compelled performance by defendant. That he might have done this is immaterial. He was not bound to adopt that course. If the acts of the defendant showed that he renounced the contract and did not consider himself bound by it, plaintiff had the right to treat the contract as at an end.

The petition shows that an oral contract for the purchase of the property was entered into between the parties, and that after plaintiff took possession of the property and paid a thousand dollars upon it, the defendant refused to carry out its terms, by refusing the $125 monthly payments, by demanding more money per month, to-wit: $162.50 per month, and by refusing to give the plaintiff a written contract embodying the terms of the oral contract, by which the plaintiff after full payment was to receive a warranty deed showing clear title. Under the circumstances we think that these acts amounted to a breach or repudiation of the contract on the part of the defendant, without fault upon the part of the plaintiff, and, in justice, under the rule laid down by many authorities, the plaintiff was entitled to consider the contract rescinded, and to maintain an action for money had and received to recover the money he had already paid. 6

R. C. L. 925. See, also, full discussion in a note to Lake Shore & M. S. R. Co. v. Richards, 30 L. R. A. 33 (152 Ill. 59, 38 N. E. 773); Davis v. Strobridge, 44 Mich. 157; 6 N. W. 205; Hurley v. Anicker, 51 Okla. 97, 151 Pac. 593, L. R. A. 1918B, 538; San Diego Const. Co. v. Mannix, 175 Calif. 548, 166 Pac. 325; Pedley v. Freeman, 132 Ia. 356, 109 N. W. 890, 119 Am. St. Rep. 557; Amonson v. Idaho Development Co., 25 Ida. 615, 139 Pac. 352; Payne v. Hackney, 84 Minn. 195, 87 N. W. 608; Schaeffer v. Miller, 41 Mont. 417, 109 Pac. 970; 137 Am. St. Rep. 746; Helgeson v. Northwestern Trust Co., 103 Or. 1, 203 Pac. 586.

What we have said above applies to plaintiff's right to recover the down payment less the value of the use of the property during the time plaintiff had possession. It may be, under principles announced in Quinlan v. St. John, 28 Wyo. 91, 201 Pac. 149, 203 P. 1088, that the petition did not state sufficient facts to show plaintiff's right to recover for improvements to the property, but, of course, this defect in the petition would not make it bad on general demurrer.

The demurrer should have been overruled. The judgment will be reversed and the case remanded for further proceedings consistent with the views expressed in this opinion.

*Reversed and Remanded.*

Kimball, J., and Riner, District Judge, concur.