CLARENCE H. GEORGE and another *vs.* JOSEPH CONHAIM.

April 30, 1888.

Vendor and Purchaser—Memorandum held Void for Uncertainty.—
A memorandum of contract for the sale of real estate provided for the de-
livery of the deed, upon the receipt of the cash payments and "the securi-
ties for the deferred payments," without specifying the kind or character
of the securities. *Held*, that the contract was bad for uncertainty as to
its terms in this particular.

Same—Memorandum not Aided by Parol.—*Also*, that parol evidence
was not admissible to show what securities the parties intended. This
would be evidence, not to apply the terms used, or to identify the subject-
matter of the contract, but to prove the terms of the sale.

Same—Purchaser may Refuse Deed from Third Person.—A purchaser
is not required to accept a conveyance from a third party, but only from
the vendor, and has a right to insist on a perfect title of record in such
vendor at the time of the delivery of the deed.

Action for specific performance of an alleged contract for the sale
of realty in Ashland, Wisconsin, brought by the vendors against the
purchaser in the district court for Ramsey county. The memoran-
dum of contract on which the action was brought and which is men-
tioned in the opinion, is set forth both in the complaint and the
answer. The complaint avers a payment of $1,500 upon the execu-
tion of the memorandum, and in the answer the defendant pleads
this payment as a counterclaim, and asks judgment for the amount
of it. The action coming on for trial before *Brill*, J., the defendant
moved for judgment on the pleadings, which was granted. Plain-
tiffs appeal from an order refusing a new trial.

The memorandum is as follows:

"No. ——                    ST. PAUL, MINN., March 26, 1887.

"Received of Joseph Conhaim, of Stillwater, Minnesota, fifteen
hundred dollars ($1,500) as earnest-money on account of purchase
of the following described real estate, situated in Ashland county,
state of Wisconsin, to wit: The southeast one-quarter ($\frac{1}{4}$) of the

northeast one-quarter ($\frac{1}{4}$) of section seventeen, (17,) town forty-seven, (47,) range four, (4,) west, sold for the sum of eleven thousand six hundred dollars, ($11,600,) on the following terms of payment: Eight thousand six hundred dollars ($8,600) cash, and three thousand dollars ($3,000) on or before one year from March 24, 1887, at the rate of eight (8) per cent. per annum. Abstract of title to be furnished without delay, and the form of the conveyance is to be warranty deed, delivered within ten days thereafter, upon receipt of cash payments, and the securities for deferred payments.

"And it is agreed and understood by said purchaser that if the title is not good, and cannot be made good, this agreement shall be void, and the vendors shall not be liable for any damage, and the said sum of fifteen hundred dollars ($1,500) earnest-money paid by the purchasers shall be returned to them. If the title is found to be good, and, nevertheless, not accepted by said purchasers, (the deed being tendered,) within the time and as herein named, said earnest-money is forfeited as the consideration paid for this agreement, and the owners of said premises shall be considered to have fully performed on their part, and may declare this contract terminated. Time is made the essence of this agreement. Joseph Conhaim, said purchaser, agrees to the foregoing terms.     C. H. GEORGE,

"E. P. MILLER."

*William G. White*, for appellant.

*T. R. Palmer*, for respondent.

MITCHELL, J. There are two grounds, upon either of which, in our opinion, the decision of the court below was right.

1. The memorandum of contract was void for indefiniteness and uncertainty as to its terms. The deed was to be delivered within 10 days after the furnishing of an abstract of title, upon receipt of cash payments, and the securities for the deferred payments. The memorandum nowhere states what these securities were to be,—whether merely the notes of the purchaser, or a mortgage, or, if the latter, whether on the property sold, or on some other property, real or personal. If it had provided that the deferred payments were to be secured by mortgage, we might be justified as assuming, as was done in *Matteson* v. *Scofield*, 27 Wis. 671, that this meant a mortgage on

the land sold. But in this case the contract is entirely silent as to the nature of the securities. Plaintiffs, however, contend that parol evidence would have been admissible to show what securities the parties intended. But the trouble is that this would not be evidence to apply the terms used, or to identify the subject-matter of the contract, but to prove the terms of the sale. This cannot be done. The written memorandum must contain all the material terms of the contract. The plaintiffs did not and do not waive security for the deferred payments, but insisted on a mortgage on the land sold. Under these circumstances, a court would not enforce specific performance, for the reason that the contract is wholly indefinite as to its terms in this particular.

2. According to plaintiffs' own admission, they were not seized of the title to this land. Their allegation is that they were the equitable owners of it, but that one M. B. Pratt held the legal title. What they tendered to defendant was a warranty deed from themselves, and another from Pratt to defendant. The fair construction of the complaint is that this deed from Pratt was unrecorded, and there is no allegation that they tendered to defendant any money with which to pay for recording it. Now, the defendant was not required to accept any deed from Pratt, much less to pay for recording it. What he contracted for was a conveyance from plaintiffs, and what he was entitled to insist upon was a perfect title of record in the plaintiffs at the time of the delivery of their deed to him. This, according to their own admission, they did not have. Consequently, plaintiffs having failed to comply with the terms of their agreement, the defendant was justified in refusing to accept the deeds offered. This being the case, of course, the plaintiffs could have no cause of action against defendant, either for specific performance or for damages. And, for the same reason, the defendant was entitled to recover back the money he had paid.

Order affirmed.

### SUPPLEMENTAL OPINION.

MITCHELL, J. Since the foregoing opinion was filed, our attention has been called to the fact that we were in error in supposing that

the deed from Pratt ran to defendant as grantee. In fact, it ran to plaintiffs. This would not, however, affect the result, although it renders some things said in the opinion inapplicable to the facts, and hence *obiter.*