ELLERY C. HOLLIDAY *vs.* WILLIAM M. HUBBARD.

February 13, 1891.

Vendor and Purchaser—Specific Performance—Contract held too Indefinite.—A contract to convey real estate, by the terms of which the deed was to be delivered "upon receipt of balance of cash payments and the securities for deferred payments, herein stipulated," there being no other reference to securities, or statement of what they were to be, cannot, by reason of the indefiniteness in that particular, be specifically enforced.

Appeal by plaintiff from a judgment of the district court for St. Louis county, where the action was tried by *Stearns,* J.

*McCordic & Crosby* and *Geo. B. Young,* for appellant.

*S. T. Harrison,* for respondent.

GILFILLAN, C. J.   Action by the vendee to compel specific performance of a contract to convey real estate.   The contract price was $8,800, $2,933 cash, of which $500 was paid at the date of the contract, and $2,934 was to be paid in one year, and $2,933 in two years, with interest at 8 per cent. per annum.   The deed was to be delivered within 25 days after furnishing an abstract "upon receipt of balance of cash payments and the securities for deferred payments, herein stipulated."   That securities should be given for the deferred payments was clearly intended, but the contract does not specify or stipulate what they shall be.   It is incomplete, wholly indefinite, in this particular.   The court could not disregard the manifest intent that there shall be securities; it could not enforce a conveyance without requiring any security for the deferred payments; and it could not prescribe what securities shall be given, for to do so

would be importing into the contract material terms which the parties omitted to insert,—would be making a contract for the parties, instead of enforcing one made by them.    In the respect mentioned the contract is not materially different from that in *George* v. *Conhaim,* 38 Minn. 338, (3 7 N. W. Rep. 791,) by the terms of which the deed was to be delivered "upon receipt of cash payments, and the securities for deferred payments," in which case we held that, the contract being entirely indefinite as to the nature of the securities, it could not be specifically enforced.    But the appellant urges that this contract differs from that, by reason of the words in it, "herein stipulated." He argues that by grammatical construction and punctuation those words refer to "securities," and, as no securities are stipulated, none are to be given.    Courts do not always follow grammatical construction and punctuation in construing a contract.    They would not be necessarily controlling in this case if we were called upon to determine to what the words "herein stipulated" refer.    In the same sentence, immediately preceding, are two subjects,—"deferred payments," which are stipulated as to amounts, times of payments, and the interest; and "securities," which, though mentioned, are not stipulated, so far as the nature of them is concerned.    Those words, though there is in the contract no statement of what the securities shall be, are not enough to show that no securities were intended.

Judgment affirmed.