J. A. GRAY v. THE CENTRAL MINNESOTA IMMIGRATION COMPANY, Appellant.

**Sale of land:** RESCISSION BY VENDEE. A vendee can not rescind the contract and recover a partial payment on the purchase price of land, upon a slight failure of the vendor to comply with the contract; but proof that the vendor failed to furnish an abstract showing perfect title as agreed, within a reasonable · time and prior to the commencement of suit, and that the vendor did not have a perfect title at the time of rescission and commencement of suit, will establish the vendee's right to rescind.

**Admission of evidence:** ERROR. Any error in the admission of evidence is held to have been cured by striking the testimony from the record at the close of all of the evidence.

**Directed Verdict.** Where the defendant moves for a directed verdict at the close of plaintiff's case and elects to stand on the adverse ruling on the motion, he can not complain of a directed verdict for plaintiff unless it is against the evidence.

*Appeal from Monona District Court.*— HON. WM. HUTCHINSON, Judge.

THURSDAY, JUNE 8, 1905.

SUIT at law to recover money paid on the purchase price of real estate. There was a directed verdict for the plaintiff,

and from a judgment thereon the defendant appeals.— *Affirmed.*

C. E. *Underhill* and C. N. *Andrews,* for appellant.

*Prichard & Newby,* for appelle.

SHERWIN, C. J.— In the latter part of February, 1902, the parties to this suit entered into a written contract by the terms of which the defendant sold to the plaintiff a section of land, and agreed to convey the same to him by warranty deed upon payment of the full consideration named in the contract. Nine hundred and sixty dollars of the purchase price was paid in cash at the time the contract was executed, and the balance thereof was payable in annual installments, the last of which was to become due in February, 1907. The contract provided that the defendant should deliver to the plaintiff at Onawa, Iowa, within a reasonable time, an abstract of title showing good and perfect title in the defendant. The contract stated that it was " understood and agreed that the above premises are sold to second party for improvement and cultivation." Between the 1st of May, 1902, and the 9th of January, 1903, several demands were made for the abstract of title, all of which were met with promises that it would soon be forwarded to the plaintiff. It was not furnished, however, and on the date last named the plaintiff in writing notified the defendant, in effect, that he elected to rescind the contract because of its failure to furnish the abstract. This notification was answered by the defendant on the 13th day of January, 1903, by a letter in which its inability to show title was stated, and in which it offered to put up a bond conditioned to deliver a perfect title before final payment for the land was made. The plaintiff did not answer this letter, and on the 9th day of April, 1903, the defendant wrote him that it had perfected its title, and would soon forward the abstract. This letter remained unanswered

also, and on the 30th day of June, 1903, this suit was commenced, no abstract having been furnished at that time.

If there was error in permitting the plaintiff to testify as to conversations and transactions with the defendant's agents, Prichard and Thurston, relative to his demand for

2. ADMISSION OF EVIDENCE: error.

the abstract and for the cancellation of his contract, it was cured by striking such testimony from the record on the defendant's motion at the close of all of the evidence.

The real question in this case is whether the plaintiff had the right to rescind the contract. The appellant complains because this question was not submitted to the jury,

3. DIRECTED VERDICT.

but it is manifestly in no position to insist that it should have been so submitted, for the reason that at the close of the plaintiff's case it moved for a directed verdict, and upon the overruling of its motion it rested its case, and thereby, in effect, elected to stand on the motion. The appellant did not ask to have any question of fact submitted to the jury, but treated the case as presenting a question of law only, and it cannot now complain of the action of the court in directing a verdict for the plaintiff, unless it appears that the verdict is in fact against the evidence. *Batlis & Black v. McCord et al.,* 70 Iowa, 46.

If it be conceded that a declaration of an intention to rescind was necessary before suit was commenced to recover the purchase money paid, the plaintiff's letter of the 9th of

1. SALE OF LAND: rescission by vendee.

January, 1903, distinctly communicated such intention, and was so understood by the defendant, as its answer thereto clearly shows. There was clearly no waiver of the defendant's default. The plaintiff was at all times between May 1, 1902, and January 9, 1903, a period of over eight months, insisting that an abstract be furnished as agreed, and after he had notified the defendant of his intention to rescind the contract he did nothing from which a waiver could be inferred, except possibly the delay in bringing suit, and, if this delay be treated as an

extension of time to the defendant, it cannot be construed to indefinitely extend such time. It may readily be conceded that a vendee may not rescind the contract and recover the purchase money paid upon a slight or unimportant partial failure of the vendor to comply with the terms thereof. In this case, however, the contract provided for an abstract showing perfect title in the defendant, and this was to be furnished within a reasonable time, with the further understanding also that the land was purchased for immediate improvement and cultivation. The defendant did not furnish or tender an abstract until after suit was commenced, nor did it at the time of rescission, or when suit was commenced, as we understand the record, have a perfect title to the premises, and we think the court correctly held that the plaintiff had the right to rescind and to recover the purchase money paid. *Maichen v. Clay,* 62 Iowa, 452; *Bartle v. Curtis,* 68 Iowa, 202; *Lessenich v. Sellers et al.,* 119 Iowa, 314; *Webb v. Hancher,* 127 Iowa, 269; *Martin v. Roberts,* 127 Iowa, 218.

The judgment is *affirmed.*