## CLARA. WILLIAMS v. E. L. GILBERT.[1]

January 17, 1913.

Nos. 17,868—(129).

**Land contract — covenant to sell and convey.**
 A contract for the purchase of land construed, and *held*, that a covenant by the vendor to sell and convey upon payment of the purchase price was implied.

**Mutual and dependent covenants.**
 In such a contract, the covenant by the vendee to pay the purchase price on a day named, and the covenant of the vendor to convey, are mutual and

[1] Reported in 139 N. W. 502.

dependent covenants, and the vendor is not entitled to a reasonable time in which to perfect title in himself after the day provided in the contract for the payment of purchase price.

**Rescission of contract.**

The vendee in such a contract is entitled, upon payment of the purchase price, to the deed of the vendor, and, if the latter has no title, is not obliged to accept a deed from a stranger to the contract, but may treat the contract as breached by the vendor, and rescind. Time is of the essence of such a contract.

**Finding sustained by evidence.**

A finding of the trial court that there was no oral agreement extending the time for the performance of the contract *held* sustained by the evidence.

**Findings — admission of evidence.**

There was no reversible error in the findings, or in the rulings on the admission of evidence.

Action in the district court for Hennepin county to recover $500, the amount of earnest money paid upon the land contract set out in the opinion. The facts are stated in the opinion. The answer denied that defendant represented to plaintiff that he was the owner of the land, that he executed the written agreement which is set out in the opinion, that plaintiff paid out the sum of $500 pursuant to the terms thereof, and denied the allegation in the complaint that defendant never has had any greater or different title in the land than by virtue of the contract to explore and purchase the same, and that defendant had never fulfilled his contract or exercised his option to purchase. The answer further alleged that it was agreed between defendant and plaintiff that the time for the payment of the sum of $3,500 by plaintiff should be extended until after January 20, 1911; and that plaintiff, knowing that defendant was relying upon such agreement in reference to the payment of the $3,500 and the conveyance of the premises, demanded an immediate conveyance of the land on January 20 or January 21, 1911, for the purpose of obtaining a repayment of the $500 demanded in the complaint. The reply specifically denied the making of the agreement set out in the answer. The case was tried before Dickinson, J., who made findings and ordered judgment in favor of plaintiff for the amount de-

manded. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*Savage & Purdy,* for appellant.

*M. C. Bowler* and *Brooks & Jamison,* for respondent.

BUNN, J.

This is an action to recover the sum of $500 paid by plaintiff to defendant as earnest money upon a land contract; the claim of plaintiff being that defendant failed to perform and that plaintiff thereupon rescinded the contract. The case was tried by the court without a jury, and a decision for plaintiff rendered. Defendant appeals from an order refusing a new trial.

The right of plaintiff to recover largely depends upon the construction and legal effect of the contract, which was as follows:

LANDS IN SMALL OR LARGE TRACTS IN MILLE LACS, MORRISON, AITKIN, CROW WING, PINE, AND ST. LOUIS COUNTIES, MINN., OR NORTH DAKOTA.

Application to Purchase

To

E. L. Gilbert,

of Minneapolis, Minn.

Dated August 25th, 1910.

The undersigned, being of lawful age and legally qualified to contract, hereby applies to purchase the undivided seven-sixteenth (7/16) interest in the south half of the northwest quarter, and north half of the southwest quarter, section seven, township forty-six, range twenty-nine, in Crow Wing county, State of Minnesota; containing . . . . . . . . . . . acres at the price of $ . . . . . . . . . per acre; total consideration, $4,000. I send herewith, as binding money, $500.00, and agree to pay on the 20th day of January, 1911, the balance of $3,500.00.

This is to be a binding contract of sale of said premises under the above terms and conditions, subject to the approval of one of the parties above named at Minneapolis, Minn. * * * In case I fail to pay the said $3,500.00 when due, then this preliminary agree-

ment shall become null and void at the option of said * * * E. L. Gilbert, and I agree to forfeit said binding money as liquidated damages.

> Dated August 25, 1910.
> [Applicant's signature] Clara Williams.

Below the signature of the purchaser were these words:
> Approved this 25th day of Aug., 1910, by E. L. Gilbert.

This contract, aside from the signatures of the parties, was wholly prepared by defendant upon a blank printed form. Plaintiff paid the $500 binding money on the day the contract was signed. On January 20, 1911, plaintiff was ready and willing to perform her part of the contract, and sought to tender to defendant the balance of the purchase price, but defendant was not to be found. On the 21st the tender was made, and a conveyance demanded. Defendant did not and could not convey, as he had no title to the land, except an option to purchase from the owner, one Jacobson. Plaintiff thereupon elected to rescind, and served upon defendant notice of her election, and demanded the return of the $500 paid as earnest money, which demand defendant refused.

1. Defendant's first contention is that by the contract he did not agree to convey the land. We think it clear that there was an implied agreement by defendant to convey to plaintiff upon payment of the purchase price. If this is not defendant's promise, what consideration is there to support the payment by plaintiff of the earnest money, or her agreement to pay the balance of the purchase money? What was defendant to do, if not to convey the land? Such a construction would hardly help the defense of this action, which is not for specific performance, but only to recover the earnest money paid. However, it seems plain enough, construing the contract as a whole, that plaintiff was the purchaser, and defendant the vendor, and that the latter by implication agreed to sell and convey the land upon performance by plaintiff of her part of the contract. An agreement to sell implies an agreement to convey. There can be no buyer without a seller. Defendant, at the head of the blank form on which the "Ap-

plication to Purchase" was made, advertised "Lands in Small or Large Tracts." Plaintiff applies to defendant to "purchase" land described. The writing declares: "This is to be a binding *contract of sale.*" Defendant's contention amounts to the claim that the contract was binding upon plaintiff, but not on defendant, a contention which we do not sustain.

2. It is urged that defendant was entitled to a reasonable time, after the tender of the purchase money on the day provided by the contract, not only to make conveyance of the land, but to procure title in himself. In other words, plaintiff was obliged to pay the purchase price on the day named, or she forfeited the earnest money, but defendant need not then convey the land. What had plaintiff in return for the money she had parted with? An agreement to convey in the future, when and if defendant procures a title to convey. Such a construction, as said in Eddy v. Davis, 116 N. Y. 247, 22 N. E. 362, "is harsh, unfair, and unnecessary." Clearly the covenant by plaintiff to pay the purchase price, and the covenant of defendant to convey, are mutual and dependent. The payment was to be made when the sale was consummated by a proper conveyance, and the conveyance was to be made when the money was paid or legally tendered, on the day provided by the contract. Snow v. Johnson, 1 Minn. 32 (48); Goss v. Broom, 31 Minn. 484, 18 N. W. 290; Bank of Columbia v. Hagner, 1 Pet. 455, 7 L. ed. 219. The cases relied upon by defendant are not in point.

3. There is no merit in the point that plaintiff was not entitled to insist upon a deed from defendant, and that a deed from Jacobson, the owner of the title, was all that she had a right to demand. Defendant was the vendor in the contract, and plaintiff was entitled to his deed. She was entitled to insist upon a good title in defendant, and a deed from him. George v. Conhaim, 38 Minn. 338, 37 N. W. 791. And time was of the essence of the contract.

Defendant argues that plaintiff is seeking to enforce a very drastic remedy, without reference to the equities of the case, and that as defendant tendered a good title three days after the time specified for performance, and is not seeking relief against the plaintiff, it is inequitable to compel him to return the earnest money. But this

is a case to be determined from the strict legal rights of the parties. It does not occur to us, however, that the remedy sought is a drastic one. Plaintiff is not seeking to enforce a forfeiture. Defendant is. Defendant was not entitled to a reasonable time to make good his title, and the fact that he subsequently acquired a title does not avoid the effect of his breach of contract. Gregory v. Christian, 42 Minn. 304, 44 N. W. 202, 18 Am. St. 507. Defendant was unable to convey a good title, and was clearly guilty of a breach of contract that gave plaintiff the right to rescind, which she exercised. It is unnecessary to consider whether Jacobson had a marketable title.

4. Defendant alleged, and offered testimony to prove, that there was an oral agreement extending the time for performance of the contract. The trial court found against defendant on this issue. An examination of the evidence satisfies us that it sustains the decision on this point. Nor can we sustain the point that plaintiff waived performance at the time specified by any act or declarations that manifested an intent to waive, or that served to mislead defendant into the belief that he was to have additional time in which to secure and convey a good title.

5. We discover no ground for reversal in the various assignments of error that relate to findings that are claimed to be without support in the evidence, or in the rulings of the trial court on the admission of evidence.

Order affirmed.