## PETER SCHMIDT v. SCANDINAVIAN CANADIAN LAND COMPANY.[1]

February 2, 1917.

Nos. 20,089—(219).

**Vendor and purchaser — deed from third person — waiver.**

1. Where the vendee acquiesces in the proposition of the vendor to furnish a deed executed by a third party, he waives his right to insist upon a deed executed by the vendor.

**Same — demand for performance — rescission by vendee.**

2. For more than a year, the vendee kept his money on deposit at the place of payment ready for the vendor at any time, and at short intervals repeated his demand upon the vendor for the deed, and each time received an assurance that it would soon be ready, the vendee then withdrew his money and notified the vendor that he rescinded the contract for the failure of the vendor to perform. *Held* that the conduct of the vendee was a continuing demand for performance by the vendor, and that the effect of such demand was not waived by the fact the vendor was afforded more than a reasonable time in which to cause the execution and delivery of the deed.

**Same — notice of rescission — failure to tender performance.**

3. If the vendor was entitled to notice of the intention to rescind,

[1] Reported in 161 N. W. 218.

he cannot be relieved from the effect of the rescission, unless he tendered performance within a reasonable time after notice thereof, which he did not do in this case.

Action in the district court for Hennepin county to obtain a warranty deed of the land conveyed by plaintiff to defendant, to recover $1,239.80 and to cancel a land contract between the parties. The case was tried before Waite, J., and a jury which answered in the affirmative the special interrogatory whether the original of Exhibit F was mailed to and received by defendant, and answered in the negative the one whether after the receipt of that exhibit an attempted rescission of the contract was waived by plaintiff. The court made findings and ordered judgment forbidding defendant to declare the contract forfeited within 30 days, and for the dismissal of the action in case defendant within that time should tender to plaintiff a sufficient conveyance of the property and plaintiff should refuse to pay therefor the sum of $7,735. From an order denying his motion for a new trial, plaintiff appealed. Reversed.

*George T. Olsen, M. E. Stone* and *Ernest Lundeen,* for appellant.

*Ditlew M. Frederiksen* and *James E. O'Brien,* for respondent.

TAYLOR, C.

Plaintiff brought this action to recover back the payments, in property and money, which he had made upon an executory contract for the purchase of a section of land in Canada. He alleged as the ground therefor that defendant had failed to convey the land to him as required by the contract, and that he had rescinded the contract for that reason. The trial court found in effect that defendant had failed to deliver a conveyance of the land as required by the contract, but held that plaintiff had waived the right to rescind by his delay and could not terminate the contract without giving notice and allowing defendant a reasonable time thereafter in which to perform. Plaintiff appealed from an order denying a new trial.

It appears from the contract that the purchase price of the land was $17,609; that plaintiff paid thereon the sum of $8,825, in property, at the execution of the contract on October 28, 1912; that the remainder of the

purchase price was payable in five annual instalments; that time was of the essence of the contract; that plaintiff had the right to pay all, or any part, of the deferred payments at any time, and was entitled to a discount of 3½ per cent if he paid in full within one year, and that he was entitled to a deed of the land in fee simple upon making such payment. On July 3, 1913, plaintiff paid $1,249.20 upon the instalment which did not become due until October 28, 1913, and intimated that he would take advantage of the discount and pay in full in October. Later he informed defendant that he could not obtain his money until about the middle of November, and defendant agreed to allow the discount if payment was made at that time. Defendant did not own the land, but held a contract for the title from the Canadian Northern Railway Company, and informed plaintiff that it had arranged to turn over to the railway company the remaining payments to be made by plaintiff. While the contract entitled plaintiff to a deed from defendant, he made no objection when informed that the deed would be from the railway company, and waived his right to insist upon one executed by defendant. When plaintiff had his money ready, he and a representative of defendant computed the amount due defendant, and, on November 13, 1913, this amount together with plaintiff's copy of the contract was sent to the National Trust Company at Winnipeg, Manitoba, through a bank at St. Peter, Minnesota, to be delivered to defendant upon delivery of a deed and abstract showing title in plaintiff. Why the money was sent to the trust company at Winnipeg does not appear very clearly, but apparently it was because defendant had arranged to turn it over to the Canadian Northern Railway Company, and the deed was to be executed by that company. At any rate, both parties acted upon the theory that, by delivering the money to the trust company, plaintiff had done all that was required of him, and no question was raised as to the sufficiency of his tender. The money and contract were received by the trust company at Winnipeg on November 15, 1913. The bank notified defendant of the forwarding of the money on the day on which it was sent, and the trust company notified defendant of the receipt of the money on the day on which it was received. After waiting a month or two without receiving his deed, plaintiff inquired of defendant why defendant did not deliver it to the trust company, and was informed that defendant was waiting for the railway

company to execute it, and that it was nearly ready and would be delivered in a week or so. At short intervals during the year 1914, plaintiff made similar inquiries of defendant and received similar replies. On January 5, 1915, plaintiff withdrew his money and contract from the trust company, and notified defendant that he had waited more than a reasonable time for defendant to furnish title, that he rescinded the contract for defendant's failure to perform it, and that he demanded the return of the money and property which he had paid to defendant. Defendant claimed to be able to furnish the deed in a short time, and refused to return the consideration which it had received. In May, 1915, plaintiff brought this action. In September, 1915, defendant procured and tendered a deed from the railway company, but plaintiff refused to accept it.

The contract required the delivery of the deed upon payment of the purchase price. Defendant was entitled to a reasonable time after the money had been deposited with the trust company in which to cause the deed to be executed and delivered, and plaintiff was required to allow defendant such reasonable time for this purpose. Grant v. Munch, 54 Minn. 111, 55 N. W. 902; Blunt v. Egeland, 104 Minn. 351, 116 N. W. 653.

The court found that plaintiff had allowed defendant more than a reasonable time in which to furnish the deed, but had waived his right to rescind by his delay in exercising such right, and could not terminate the contract until he had given defendant notice of his intention to do so, and had allowed a reasonable time thereafter for performance. If plaintiff had done anything which justified defendant in believing that he had waived his demand for a deed, he could not arbitrarily terminate the contract without prior notice of his intention to do so. But the evidence shows no act of plaintiff which justified defendant in entertaining such belief. During a period of more than a year, plaintiff kept his money with the trust company ready for defendant at all times, and at frequent intervals repeated his demand for the deed. He did nothing else. His conduct was in the nature of a continuing demand, and furnishes no basis for the claim that he had released defendant from its obligation to exercise diligence in procuring and delivering the deed. Defendant itself acted upon the theory that plaintiff was asserting his

right to a prompt delivery of the deed, and repeatedly assured him that it would be delivered in a short time. In fact defendant did not tender the deed until eight months after notice of the rescission, four months after this action was brought, and nearly two years after plaintiff made his original demand. We are of opinion that plaintiff had not waived his right to rescind, and that his rescission was effective. Williams v. Gilbert, 120 Minn. 299, 139 N. W. 502; Gray v. Central Minnesota Immigration Co. 127 Iowa, 560, 103 N. W. 792; Garrett v. Cohen, 63 Misc. 450, 117 N. Y. Supp. 129; Colpe v. Lindblom, 57 Wash. 106, 106 Pac. 634; Miller v. Shelburn, 15 N. D. 182, 107 N. W. 51; Owen v. Pomona Land & Water Co. 131 Cal. 530, 63 Pac. 850, 64 Pac. 253; Montgomery v. Wise, 138 Mo. App. 176, 120 S. W. 100; Haynes v. Fuller, 40 Me. 162.

Furthermore, when plaintiff gave notice of rescission, if defendant insisted that its right to perform could not be thus terminated, it was defendant's duty to act with promptness, and to tender its deed within a reasonable time thereafter. This defendant did not do. The tender made eight months later cannot be deemed to have been made within a reasonable time. Gray v. Central Minnesota Immigration Co. 127 Iowa, 560, 103 N. W. 792; Harding v. Olson, 177 Ill. 298, 52 N. E. 482.

Defendant relies largely upon the case of McNamara v. Pengilly, 58 Minn. 353, 59 N. W. 1055. The facts in that case are so different from the facts in the case at bar that it is not in point.

Plaintiff never took possession of the land, there is no evidence that the contract had ever been recorded anywhere, and the claim that the rescission was ineffective because plaintiff failed to return his duplicate of the contract is without merit.

Order reversed.