JAMES A. JOHNSON v. PAUL HERBST AND ANOTHER.[1]

April 26, 1918.

No. 20,850.

**Vendor and purchaser — clear title — rescission by vendee and recovery of earnest money.**

1. Where the vendor contracts to convey a clear title at a stipulated date on receiving payment from the vendee, and time is of the essence of the contract, and the vendee is ready and offers to pay on receiving a clear title, but the land is subject to liens which the vendor is unable to have discharged at the time fixed for performance, the vendee may rescind the contract and recover back the earnest money paid.

**Same — payment of incumbrance from purchase money — rule inapplicable.**

2. The rule that, where an incumbrance is presently payable, the vendor is not required to discharge it out of his own funds, but may do so out of the purchase price simultaneously with the payment of the price and delivery of the deed, does not apply where time is of the essence of the contract, unless the vendor is able to cause the liens to be satisfied at the time fixed for performance.

[1]Reported in 167 N. W. 356.

Action in the district court for Waseca county to recover $1,000 paid upon the purchase price of land. Defendants interposed a counterclaim for $1,650. The case was tried before Childress, J., who made findings and ordered judgment in favor of defendants. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Henry A. Morgan,* for appellant.

*Spillane & Spillane,* and *Moonan & Moonan,* for respondents.

TAYLOR, C.

Defendants own a farm in Waseca county which they listed for sale with one Halvorson, cashier of the State Bank of Hartland. Halvorson negotiated a sale of the farm to plaintiff, a resident of Iowa, and pursuant thereto plaintiff and defendants entered into a contract, dated November 12, 1913, whereby defendants agreed to convey the farm to plaintiff by warranty deed for the sum of $11,950. The contract acknowledged the payment by plaintiff of the sum of $1,000 upon the purchase price, and provided that he should pay $3,950 on March 1, 1914, and that on the same date, March 1, 1914, he should execute a mortgage for the balance of $7,000, payable March 1, 1924, and bearing annual interest at the rate of 5 per cent. The contract also provided that defendants should convey the land by warranty deed containing the usual covenants "when payment of $3,950.00 is made March 1, 1914." The contract also provided that defendants should furnish an abstract showing "a good and merchantable title" in time for plaintiff to examine it before making final settlement. The contract also provided that all payments should be made at the State Bank of Hartland, and that the failure of plaintiff to make such payments, or any of them, "punctually and upon the strict terms and times above limited and likewise to perform and complete all and each of his agreements and stipulations aforesaid, strictly and literally without any failure or default," should authorize defendants to terminate the contract without any right in plaintiff to compensation for moneys paid or improvements made by him.

Defendants delayed furnishing the abstract but after several requests mailed it to plaintiff on February 13, 1914. The abstract disclosed that defendant, Paul Herbst, had acquired title to the farm through a deed

from Mary Herbst and John Herbst, her husband, which deed provided that at the death of the grantors the grantee should pay to six different persons certain designated sums, amounting in the aggregate to the sum of $1,500, with interest thereon after the death of the grantors at the rate of 6 per centum per annum. The deed made these sums liens upon the land until fully paid. The abstract also disclosed other incumbrances, but they were removed and require no further mention.

On February 23, 1914, plaintiff returned the abstract with the opinion of his attorney, and requested a compliance with the suggestions of the opinion. This opinion, among other things, called for a discharge and release of the liens. On Thursday, February 26, 1914, Halvorson wrote plaintiff, acknowledging the return of the abstract with the opinion, and stating that defendants intended to pay the liens out of the money to be paid by plaintiff on March 1, and suggesting that plaintiff send a draft for the money to the State Bank of Hartland, of which Halvorson was cashier, to be used for that purpose. Plaintiff made no reply to this letter, but on the following day, Friday, February 27, 1914, went from Iowa to the farm to look at some personal property. While plaintiff was at the farm defendant referred to the liens, but plaintiff replied that the settlement was to be made at the bank which was the place to talk them over, and they arranged to meet at the bank on the following day, Saturday, as the first day of March was Sunday. They met at the bank on Saturday, February 28, and plaintiff had the note and mortgage which he was to give executed ready for delivery and was prepared and ready to pay the $3,950, but refused to do so unless the liens were released. It is conceded that the grantors in the deed creating the liens were both dead, and that the liens were past due and then payable, although this fact was not shown by the abstract. Defendants, however, had made no arrangement to have the liens satisfied or discharged of record, and did not know when this could be done, as they did not know where one of the lienholders resided, and another was a minor. They endeavored to persuade plaintiff to leave the money with the bank until satisfactions releasing the liens were procured, but plaintiff refused to part with his money, unless he received the title discharged from the liens. He waited at the bank until night, and, as March first was Sunday, again went to the bank on Monday, March 2, and waited

until night ready to perform on his part; but defendants were unable to cause the liens to be released on either day, and plaintiff then told them that he would not take the farm because the liens were outstanding, and returned home.

During the month of March defendants procured releases from the several lienholders and on April 6, 1914, notified plaintiff that they were then ready to convey a clear title, but plaintiff refused to accept it. He subsequently brought this action to recover back the $1,000 which he had paid at the time the contract was executed. The trial court made findings and directed judgment in favor of defendants, and plaintiff appealed from an order denying a new trial.

Defendants insist that, as the liens were presently due and payable, and the amount to be paid by plaintiff exceeded the amount of the liens, they had the right to pay the liens out of plaintiff's payment, and, having offered to do so, were not in default.

Where existing liens can be discharged out of the purchase price to be paid at the delivery of the deed, it has been held that the vendor is not required to discharge such liens out of his own funds prior to the time fixed for such delivery, but may cause them to be discharged out of the purchase price at that time. Van Keuren v. Siedler, 73 N. J. Eq. 239, 66 Atl. 920; Woodman v. Blue Grass Land Co. 125 Wis. 489, 103 N. W. 236, 104 N. W. 920. But the facts do not bring the present case within the operation of this rule.

The parties contracted for a strict and punctual performance on March 1, 1914. Plaintiff agreed to pay and defendants agreed to convey on that date, and time was of the essence of the contract. Defendants had contracted to furnish a marketable title of record, and plaintiff was not required to take the title with the liens outstanding and of record against it. George v. Conhaim, 38 Minn. 338, 37 N. W. 791; Horn v. Butler, 39 Minn. 515, 40 N. W. 833; Gregory v. Christian, 42 Minn. 304, 44 N. W. 202, 18 Am. St. 507; Howe v. Coates, 97 Minn. 385, 107 N. W. 397, 4 L.R.A. (N.S.) 1170, 114 Am. St. 723; Buswell v. O. W. Kerr Co. 112 Minn. 388, 128 N. W. 459, 21 Ann. Cas. 837; Williams v. Gilbert, 120 Minn. 299, 139 N. W. 502. Neither was he required to leave his money on deposit for defendants to use in procuring a discharge of the liens at some unknown time in the future. They had

reserved no such right. If they had been in position to discharge the liens out of the $3,950 simultaneously with the payment of that amount and the delivery of the deed, they might have brought themselves within the rule which they invoke, but they were not in position to pay the liens or procure releases at that time. Having made no other arrangement, it was incumbent upon them to pay the several lienholders at their respective places of residence, and the liens could not be discharged of record until they made such payments and procured evidence thereof which could be placed of record. Defendants seem to have been unable to reach the lienholders on either Saturday or Monday, and did not know where one of them resided nor whether a guardian had been appointed for the minor. Defendants informed plaintiff on both Saturday and Monday that the liens could not be discharged on those dates, and that they did not know how much time would be required to have them discharged. Under the terms of the contract, plaintiff was clearly within his legal rights in refusing to place his money in the bank to await the release of the liens, and in rescinding the contract for failure of defendants to perform on their part.

Order reversed.