## HUGH NORMAN v. WILLIAM WENGERT AND CLARA WENGERT.[1]

April 21, 1922.

No. 22,808.

**Vendee entitled to possession on day set for closing purchase.**

1. Under a contract for the purchase and sale of a farm, to be closed and settled on a certain day, the vendee is entitled to full and quiet possession of the premises, upon compliance with the conditions of the contract, and is under no obligation to deposit his money in a bank and wait developments with regard to the vendors removing their tenant in order to give possession.

**Rescission of contract for failure to give possession.**

2. The occupancy of the premises by a tenant of the vendors is an encroachment upon vendee's right of possession which he is under no obligation to assume or accept. The vendee was within his legal rights in treating vendor's failure to give possession as a basis for the rescission of the contract.

[1]Reported in 187 N. W. 708.

Action in the district court for Blue Earth county to recover $500 paid on a land contract. The answer demanded specific performance and the recovery of $1,500. The case was tried before Comstock, J., who withdrew the case from the jury, made findings and ordered judgment in favor of plaintiff for $557.45. Defendants' motion for amended findings was denied. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*C. O. Dailey*, for appellants.

*S. B. Wilson*, for respondent.

QUINN, J.

Action to recover $500 paid on a contract for the purchase of a farm near the village of Pillager, in Cass county. The cause was tried to the court. Findings of fact and an order for judgment in favor of the plaintiff were made and filed. From an order denying their motion for a new trial, defendants appeal.

The bargain was brought about through the efforts of W. B. Jones, a real estate dealer at Pillager, acting as the agent of defendants. The plaintiff resides in Blue Earth county, over 200 miles distant from the land. Defendants reside in the state of Illinois. The business of carrying out the contract was to be transacted at the State Bank of Pillager. There was a tenant upon the farm, under a verbal lease, by the name of H. M. Fundine, whose term expired in the spring of 1920.

A contract was entered into by the parties for the purchase and sale of the farm, dated August 16, 1919, at the agreed price of $5,000, payable as follows: $500 at the time of the signing of the contract and $1,500 on March 1, 1920, at which time a deed was to be given, a mortgage taken back for the balance of the purchase price and the deal closed. The initial payment was made according to contract. After its preparation the contract was sent to Illinois where defendants signed it. Jones represented the defendants in all matters in relation thereto. On February 28 he telephoned plaintiff that the deal was not ready to be closed and for him not to come for a few days. Plaintiff complied with the request. On March 6 he went to Pillager and requested Jones to

accompany him to the bank, which he did. The plaintiff then procured $1,500 in currency, tendered it to James, requested a deed and possession of the farm and informed him that he was ready to comply with the terms of the contract and close the deal. Jones informed the plaintiff that the deed had not arrived and that there was a tenant on the farm. On March 9 Jones wrote the plaintiff that the deed was at the bank.

It appears that in 1918 Jones rented the farm for the defendants to Fundine under a verbal lease for one year, which was renewed for a second year, and that this term terminated some time in the spring of 1920, the exact time being in dispute, Fundine claiming that it did not expire until May 4. The plaintiff testified upon the trial that Jones told him while at Pillager on March 6 that they could not give possession at that time even if the deed were there. Jones had written the plaintiff requesting that he write Fundine about vacating. He did so and Fundine replied that his term did not expire until May 4. The correspondence was placed in evidence. It is uncontroverted that Fundine remained upon the farm until the last of March when one Zeigler went into possession under a verbal lease from Jones. It also appears that during the fall or winter plaintiff had requested Jones to find a renter for him. It is apparent that the farm had not been leased to Zeigler until after March 9, as on that day Jones wrote plaintiff that Zeigler would look the farm over with a view to leasing it as soon as they could show it to him, and that the snow was too deep at that time to get out to the farm to attend to it. Zeigler corroborated this contention and view of the situation in his testimony at the trial.

The occupancy of the premises by the tenant of the vendors was an encroachment upon plaintiff's right of possession which he was under no obligation to assume or accept. The vendee was entitled to receive full and quiet possession upon complying with the conditions of the contract upon his part. At the request of the vendors he had waited six days to close the deal. At that time he was not given even a promise as to when he might expect possession. No steps had been taken in that direction, except a mere request to Fundine that he vacate. Fundine did not grant the request, but remain-

ed upon the farm. Plaintiff could do no more. He was under no obligation to deposit his money in the bank and wait developments. Plaintiff was within his legal rights in treating appellants' failure to give possession as a basis for the rescission of the contract. The principle involved is the same as in Johnson v. Herbst, 140 Minn. 147, 167 N. W. 356, and Williams v. Gilbert, 120 Minn. 299, 139 N. W. 502. We see no reason for complaint on the part of the appellants.

Affirmed.