EUGENE LYNCH v. JAMES L. HIGGINS AND ANOTHER.[1]

January 5, 1923.

No. 23,152.

**Vendor's acts not equivalent to rescission of executory contract of sale.**

After giving the notice for which provision is made by G. S. 1913, § 8081, to terminate an executory contract for a conveyance, and before it has worked a forfeiture by lapse of time, the vendor may extend the time of payment by parol, or waive the forfeiture accruing upon failure to pay within the statutory time; and the vendee, thereafter tendering payment, though within the statutory 30 days, must give a reasonable opportunity to the vendor to make a deed; and the evidence shows that the vendee, although he made a formal tender, forthwith withdrew it, and abandoned all purpose to complete the contract, though the vendor was able and willing to perform within a reasonable time; and he cannot claim that his acts constituted a rescission.

Action in the district court for Ramsey county to recover $3,531 paid upon an executory land contract. The case was tried before Sanborn, J., who at the close of the testimony denied plaintiff's motion for a directed verdict, made findings and ordered judgment in favor of defendants. From an order denying his motion for

[1] Reported in 191 N. W. 422.

amended findings and conclusions or for a new trial, plaintiff appealed. Affirmed.

*Drill & Drill*, for appellant.

*George S. Grimes*, for respondents.

DIBELL, J.

Action to recover payments made on a contract for the conveyance of real estate. The ground of the action was the failure of the defendants to perform. There were findings for the defendants and the plaintiff appeals from the order denying his motion for a new trial.

The facts are not much in dispute. On March 21, 1921, the plaintiff purchased of the defendants land near Lakeville in Dakota county for $11,200, of which $2,200 was paid in cash. There was a default in part of a payment due October 1. On December 12, 1921, the defendants, proceeding under G. S. 1913, § 8081, served the plaintiff with notice of the termination of the contract. The effect of the notice, if not interrupted, was to terminate the contract after 30 days. The parties then had negotiations whereby the defendant was to purchase the plaintiff's interest for $2,000, $1,000 in cash and $1,000 by note. The plaintiff had invested $3,200 exclusive of interest paid, and had enjoyed possession. The negotiations failed, apparently because the plaintiff did not wish them concluded. On January 7, 1922, negotiations failing, it was orally agreed that the plaintiff should have 60 days additional time in which to perform. On January 10, 1922, the plaintiff tendered to Van Valkenberg, the cashier of the bank at Lakeville, a certified check for $1,500, the amount of the October default, without interest, and his note and mortgage for $6,500, which was the deferred final payment for which the contract called, and demanded a deed. Van Valkenberg was not in position to deliver a deed at the moment, but stated that he could get one in a few days. He did get one on January 18, and notified the plaintiff, who did not care to proceed further. The $1,500 certified check the plaintiff borrowed from a friend for the occasion, and returned it immediately after the tender. Before the final tender of the check and mortgage he knew there was no deed

in the bank for him. He intended no later performance. He did not want the land and upon making the tender considered his obligation at an end. The record sustains the view of the trial court, expressed in its memorandum, that the tender "was very evidently not made with any intention to secure the property he had bargained for but was made for the purpose of putting himself in a position to rescind the contract and obtain back the money which he had paid."

There may be an oral waiver of a stipulation in an option contract, or a contract for the conveyance of land, for performance at a later time. Malmquist v. Peterson, 149 Minn. 223, 183 N. W. 138; Scheerschmidt v. Smith, 74 Minn. 224, 77 N. W. 34; Quinn v. Olson, 34 Minn. 422, 26 N. W. 230. We have likened the proceeding under G. S. 1913, § 8081, to a statutory foreclosure. International R. & S. Corp. v. Vanderpoel, 127 Minn. 89, 148 N. W. 895; or a statutory strict foreclosure. Nolan v. Greeley, 150 Minn. 441, 185 N. W. 647. Where a mortgage foreclosure is had the mortgagee purchasing may continue the mortgage relation by extending the time of payment of the redemption money. Oertel v. Pierce, 116 Minn. 266, 133 N. W. 797, Ann. Cas. 1913A, 854; 2 Dunnell, Minn. Dig. §§ 6392, 6400. And as we understand counsel for the defendants he concedes that the extension of 60 days nullified the effect of the statutory notice given in December.

In the situation stated the defendants were entitled to a reasonable time in which to give a deed in response to the tender. Brown v. California & W. L. Co. 145 Minn. 432, 177 N. W. 774; Schmidt v. Scandinavian C. L. Co. 136 Minn. 14, 161 N. W. 218; Gregory v. Christian, 42 Minn. 304, 44 N. W. 202, 18 Am. St. 507. And see Cogan v. Cook, 22 Minn. 137; Goetz v. Walters, 34 Minn. 241, 25 N. W. 404. The case of Williams v. Gilbert, 120 Minn. 299, 139 N. W. 502, is not opposed. The defendants owned the land. There was it is true a mortgage upon it. The defendants had money in the Lakeville bank. They were ready to discharge the mortgage when the deal was closed. Under our rule a vendor may discharge an encumbrance out of the purchase price to be paid him by the vendee. Johnson v. Herbst, 140 Minn. 147, 167 N. W. 356. What

the plaintiff really did was to make a tender sufficient in form, for the defendants do not claim that it might not properly be made to Van Valkenberg, and ran away from it before the defendants had an opportunity to perform. We have not found it necessary to consider the effect of the failure to include in the tender accrued interest amounting to $15.

Order affirmed.