## FRED LUTZ v. D. W. FULTS AND S. P. ECKHOLM.[1]

April 13, 1923.

No. 23,328.

**Vendee can rescind for failure of vendor to show unencumbered title on agreed date.**

1. In a contract for the sale of land by the plaintiff to the defendants the plaintiff agreed to deliver a "warranty deed with abstract showing merchantable title," and possession, on March 1, 1921. He then had title, but there were encumbrances of record, not in fact satisfied. The defendants were entitled to rescind and recover the purchase money paid.

**Vendee's notice of rescission effectual, but release of contract should be delivered as condition to recovery of purchase money.**

2. The defendants gave a written notice of rescission. It was not ineffectual because they did not tender a deed, nor because they did not deliver possession, for they had not received the possession contemplated by the contract. As a condition to the receipt of the purchase money the court should require the defendants to deliver to the plaintiff a deed, or a release of the contract, or judgment adjudging that they have no interest should be entered.

Action in the district court for Martin county for specific performance of a land contract. The case was tried before Dean, J., who made findings and ordered judgment in favor of defendants.

[1]Reported in 193 N. W. 119.

From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Allen & Allen*, for appellant.

*Haycraft & McCune*, for respondent.

DIBELL, J.

Action by the vendor for the specific performance of a contract for the sale of real estate. There were findings denying specific performance, and granting the defendants judgment for the amount paid on the purchase price. The plaintiff appeals from the order denying his motion for a new trial.

1. On May 21, 1920, the plaintiff as vendor and the defendants as vendees entered into a contract for the sale and purchase of land in Martin county. The defendants paid $2,000 at the time of the execution of the contract. They were to pay $5,000 on March 1, 1921. The balance of the purchase price was $14,367. The vendor was to negotiate by March 1 a loan upon a first mortgage on the land for so large an amount as could be obtained, and the vendees were to give a mortgage for the difference between such mortgage and $14,-367, which would be subject to the loan mortgage. The contract provided as follows for the March 1, 1921, payment:

"$5000 March 1, 1921, at which time warranty deed with abstract showing merchantable title is to be delivered together with possession of the premises."

It contained this provision:

"Second parties have the privilege of entering on the land in the fall of 1920 after the crop has been harvested for the purpose of preparing the land for the 1921 crop season."

It contained this provision:

"It is mutually agreed by and between the parties hereto that the time of payment shall be an essential part of this contract and that all the covenants and agreements herein contained shall extend to and be obligatory upon the heirs, executors, administrators and assigns of the respective parties."

On March 1, 1921, the defendants were prepared and offered to close the contract. The plaintiff did not have an abstract showing merchantable title. There was a $4,500 mortgage and one of $2,000 unsatisfied. There were some unpaid taxes. The vendor had not negotiated the loan mortgage and put it of record. We need refer only to the $4,500 mortgage as a ground for rescission. The evidence is that the vendor the day before had sent the money for the payment of this mortgage to the Wells-Dickey Company at Minneapolis, but the satisfaction had to be executed in the east. The satisfaction was not executed until March 5. It seems likely that the other defects could have been remedied during the day, that is, that the $2,000 mortgage could have been satisfied, and the taxes paid, and there is evidence that a delivery of the loan mortgage could have been made. It seems that the money for this mortgage had been received and was used in remitting for the payment of the $4,500 mortgage. On March 15 the plaintiff tendered performance.

Under the contract it was for the vendor to have his title ready March 1, 1921. At this time he was to deliver "warranty deed with abstract showing merchantable title." He was entitled to further reasonable time in which to prepare a deed, when the vendees offered performance, but not additional time in which to perfect his title. The vendees could insist upon a title on March 1. Gregory v. Christian, 42 Minn. 304, 44 N. W. 202, 18 Am. St. 507; Johnson v. Herbst, 140 Minn. 147, 167 N. W. 356; Brown v. California and Western Land Co. 145 Minn. 432, 177 N. W. 774. They did insist and the vendor defaulted. He was ready to deliver a warranty deed, but he could not show an unencumbered title. It was not unencumbered. We are not to be understood as saying that, with the language of the contract as quoted, the vendor could not make use of the $5,000 cash payment to be made by the defendants on March 1 in discharging the $4,500 encumbrance within the suggestion in Johnson v. Herbst, 140 Minn. 147, 167 N. W. 356, and Lynch v. Higgins, 154 Minn. 151, 153, 191 N. W. 422. That question is not before us.

2. The defendants gave notice of rescission on March 2, 1921, and demanded payment of the $2,000. It does not appear whether the contract was recorded. The plaintiff insisted upon carrying out the

contract. Two weeks later he made a tender. It is clear that he would not have accepted a deed from the defendants had it been formally tendered. The failure to tender a deed does not render the rescission ineffective. See Schmidt v. Scandinavian C. Land Co. 136 Minn. 14, 161 N. W. 218; Brown v. California & W. L. Co. 145 Minn. 432, 177 N. W. 774. The court should protect the plaintiff against a claim arising because of the sale contract. This can be done by requiring the defendants, upon the return of the purchase money, to deliver a deed or a proper release, or by entering a judgment adjudging that they have no interest in the land.

3. The rescission did not fail because the defendants did not deliver possession to the plaintiff. They did not have possession under the contract. It was to be given them in fulfilment of the contract on March 1, but the contract was not completed. The defendants had possession in the fall of 1920 to prepare the land for the 1921 crop, but that possession had ended. On August 26, 1920, the defendants gave to the tenant then on the premises a lease for two years from March 1, 1921. Until that time the tenant occupied under the vendor. He did not occupy under the defendants ever. They did not transfer possession to him. Upon rescission they had no possession to return to the plaintiff, and the giving of the lease, to become effective March 1, when the plaintiff was to give them a deed and possession, did not affect their right of rescission.

In the summer of 1920 the defendants spent $93.70 in repairs upon the land and the court ordered judgment therefor. This is assigned as error but is not argued in the briefs and we pass it without consideration.

Order affirmed.