## B. T. McCHESNEY v. MARIE M. OPPEK AND OTHERS.[1]

July 6, 1923.

No. 23,479.

**Merchantable abstract of title.**

1. The term "merchantable abstract of title," in a contract for the sale of lands covenanting "to furnish merchantable abstract of title," means an abstract showing a merchantable title. The vendee is not required to take title through another than his vendor.

**Vendee may rescind upon failure to furnish such abstract.**

2. Under the contract the furnishing of such an abstract was a condition precedent to the liability of the vendee and of right in the

[1]Reported in 194 N. W. 882.

vendors, though the covenants of the contract to pay and to convey were mutual and dependent. The vendee had the legal right to rescind upon the failure of the vendors to furnish an abstract according to the contract.

**Defects in abstract furnished.**

3. The abstract furnished by the defendants did not show a merchantable title. There were of record deeds from two of the vendors conveying to other parties. A portion of the lands came through an intestate estate, and the abstract did not show that such lands were included in the final decree of the probate court.

**Finding not sustained—vendors not ready to close.**

4. The evidence does not sustain a finding that the two deeds were mortgages. Nor were the vendors ready at the time fixed for closing the sale with deeds back from their grantees in the deeds.

**Vendee unable to perform but had right to rescind.**

5. The finding of the court that the plaintiff was unable to perform is sustained by the evidence. But he had the right to rescind for the failure of the defendants to furnish a merchantable abstract. This right was not affected by his inability to perform. No duty to perform arose unless a proper abstract was furnished.

**Tender after rescission unavailing.**

6. The furnishing of an abstract by the vendors and the tender of performance after rescission by the vendee was ineffectual. Upon rescission the contract was at an end.

Action in the district court for Nobles county to recover $2,000 upon a land contract and $100 expense of plowing. The case was tried before Nelson, J., who made findings and ordered judgment in favor of defendants. Plaintiff's motion for amended findings was denied. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Reversed.

*James G. Mott* and *E. H. Nicholas,* for appellant.

*E. J. Jones* and *J. A. Cashel,* for respondents.

DIBELL, J.

Action by the plaintiff, the vendee in a contract for the sale of land, to recover of the defendants, the vendors, the first payment

made on the contract, upon the ground that he had rescinded because of the failure of the defendants to furnish such an abstract as the contract required. The court found for the defendants. The plaintiff appeals from the order denying his motion for a new trial.

On September 8, 1920, plaintiff and defendants entered into a written contract for the sale of a quarter section of land in Nobles county for $38,906. Of this amount $2,000 was paid in cash. This is the amount which the plaintiff seeks to recover. The sum of $4,500 was payable March 1, 1921, $6,000 was to be paid by assuming a mortgage of that amount then on the property, and $26,406 was to be secured by a second mortgage. The contract was to be closed March 1, 1921. The defendants were to give a warranty deed. The plaintiff took possession under the contract by his tenant. The contract provided that "the time of payment shall be an essential part of this contract."

1. The defendants agreed "to furnish merchantable abstract of title." By this language is meant an abstract showing merchantable title. Buswell v. O. W. Kerr Co. 112 Minn. 388, 128 N. W. 459, 21 Ann. Cas 837. The vendee is not required to take title through some one other than the vendor. George v. Conhaim, 38 Minn. 338, 37 N. W. 791; Steiner v. Zwickey, 41 Minn. 448, 43 N. W. 376; Buswell v. O. W. Kerr Co. 112 Minn. 388, 128 N. W. 459, 21 Ann. Cas. 837; Unruh v. Roemer, 135 Minn. 127, 160 N. W. 251. The requirement that the abstract show title which the vendors can convey is not to be applied so technically that contracts cannot be closed conveniently in the customary way sanctioned by honest business usage. This we note later.

2. The contract to furnish a merchantable abstract was a condition precedent to the liability of the vendee and of right in the vendors. There was no provision for perfecting the abstract or curing defects in the title. The vendors were not entitled to time beyond the day of closing the sale. Upon their failure to perform the condition, the vendee had the legal right to rescind. See Howe v. Hutchison, 105 Ill. 501; Fagan v. Hook, 134 Iowa, 381, 105 N. W. 155, 111 N. W. 981; Boas v. Farrington, 85 Cal. 535, 24 Pac. 787.

The covenant to pay and the covenant to deliver a deed were

mutual and dependent. Williams v. Gilbert, 120 Minn. 299, 139 N. W. 502, and cases cited. The vendors were not entitled to additional time in which to make title, though upon tender they had a reasonable time in which to prepare a deed. Gregory v. Christian, 42 Minn. 304, 44 N. W. 202, 18 Am. St. 507; Williams v. Gilbert, 120 Minn. 299, 139 N. W. 502. But the covenant to furnish a merchantable title was a condition precedent, and unless performed by the defendants or waived by the plaintiff the mutual covenants to pay and to convey did not become operative or effective. There was no use for them. The vendors were first to furnish a merchantable abstract. Then the mutual covenants of the parties to pay and to convey became effective.

3. The defendants furnished an abstract on February 28, 1921, the day before the sale was to be closed. The plaintiff examined it on March 1, 1921. It did not show a merchantable title. One of the vendors had given a quitclaim deed to the Brewster State Bank, and another had given a quitclaim deed to the Farmers State Bank of Heron Lake. The property came through the estate of John Ebert, deceased. One 80 was omitted from the final decree of the probate court; or at least the abstract did not show that the decree included it by description, or that it contained a general clause sufficient to pass title. No question is made but that the 80 came by descent to the vendors. The plaintiff makes no particular objection because it was not included in the decree.

4. The court finds that the two deeds were given as security and were mortgages. The evidence does not sustain the finding. The evidence bearing upon the question of encumbrances is in the testimony of the plaintiff when referring to his rescission on March 2, 1921, and that of Oppek upon the same subject. The plaintiff's testimony is as follows:

Q. "What was said at that time by you and by Mr. Oppek?

A. "I went and got Mr. Oppek and took him along and we walked down to where my son-in-law was and I says, 'Now gentlemen, I will tell you what I came for,' I says, 'now Mr. Oppek, I want to say that our deal is off,' I says, 'I have nothing more to do with the farm,' and I turned to Mr. Nelson and I says, 'To you Mr.

Nelson [plaintiff's tenant] you will have to get off the place, I have nothing more to do with the farm.' Mr. Oppek turned to me and he says 'what is the matter?' Why, I says Mr. Oppek 'what is the matter, you did not furnish a merchantable title which you had promised and told me time and again you would pay them claims, that is all there is, we won't have any quarrel about it at all,' I says, 'Mr. Oppek.' We walked off, I and Mr. Miller, the witness I took with me, walked to the car and he followed us and got up to the car and he started to talk with me again. He says, 'If you will furnish the down payment Bert we will soon fix it up.' I says, 'we will have no more talk about it,' I says, 'you don't own the place, you can't get a title to it, I won't have a thing to do with it,' and we jumped in our car and went back to Brewster.

Q. "In that conversation was there anything said by you about the payment that you had already made?

A. "Nothing at all, only that I demanded my money back and the pay for the plowing."

Oppek's version of their talk is as follows:

Q. "You had a conversation with him about the second day of March, 1921, did you not? You heard his testimony here?

A. "Yes.

Q. "And what was that conversation?

A. "Well, he came out—I happened to be out on the farm—I came in from the field, I helped a party load up cornstalks and came in and as I came in on the place I seen the car there, that was Mr. McChesney and Mr. Miller, and they walked up to the barn looking for his son-in-law that had moved on the place, took possession of the place; he walked over there. I was wondering what he really wanted—

Q. "Tell what was said and done.

A. "And he said to his son-in-law just those words, he says, Herman, he says, I came out here to tell you that you got to move off of this place, and I says to him what is it all about, what does it mean, I says, do you mean to say that you are going to overthrow this whole thing and act up a fuss that way? He says have noth-

ing to do with the place any more, you have failed to deliver a merchantable abstract.

Q. "What did you say?

A. "I says why that don't look fair, I says, after we have been friends for so many years and then go to work and violate promises. He says I have nothing to do with you any more, he says, nothing to do with you at all any more.

Q. "Was that all that was said?

A. "That was all that was said."

This testimony does not show that the deeds were mortgages. Nor were the defendants ready with conveyances from the banks on March 1, 1921, which would have cleared the title if the deeds had been mortgages.

Whether, had the deeds been mortgages, the defendants might not have satisfied the terms of the contract by delivering deeds from the banks to them and deeds from them to the plaintiff we do not decide. The question is not here. They did not offer to do so and so far as the record shows were not in position to do so. We have suggested that mortgages on land contracted to be sold may be satisfied from the payment to be made by the vendee. See Lutz v. Fults, 155 Minn. 207, 193 N. W. 119; Lynch v. Higgins, 154 Minn. 151, 191 N. W. 422; Johnson v. Herbst, 140 Minn. 147, 167 N. W. 356. This is a common way of closing land sales. The requirement that an abstract be furnished, showing title, is not to be applied so technically as to prevent the convenient closing of a contract. The law must not run too much counter to legitimate and established business usages. Here the abstract did not show title in the vendors, or a title which they were able to pass to the plaintiff concurrently with his payment of the $4,500.

5. The court finds that the plaintiff was not able to perform the contract on March 1, 1921. The finding is well sustained. If the defendants had furnished the required abstract and tendered good title he could not have performed. He did not have the money for the $4,500 payment. The court suggests in a memorandum carefully reviewing the case that the defendant did not intend to complete the contract but sought to put the defendants in the wrong.

It seems so. Land values had fallen. But we hold, as stated in paragraph 2, that the plaintiff had the right to rescind for the failure to furnish a merchantable abstract, and, it not being furnished, the vendee was under no contract obligation to go further.

6. On March 8, 1921, the defendants tendered the plaintiff an abstract showing deeds back from the two banks, and tendered performance. The plaintiff declined to perform. His rescission put an end to the contract. After that, performance tendered by the vendors was ineffectual. Brown v. California and Western L. Co. 145 Minn. 432, 177 N. W. 774.

Judgment reversed.